TAYLOR, Judge.
Joseph Perry was on probation for having been convicted of theft in the second degree. A motion was filed by the State of Alabama seeking to revoke his probation and listing three grounds or charges, as follows: Charge 1, new arrest — burglary, first degree; Charge 2, “probationer cannot be [in] control of a firearm of any *161 description;” Charge 3, failure to work. Subsequently a revocation hearing was held which resulted in the court’s entering a written order revoking probation, which states as follows:
“The matter coming before the Court on the motion of the State of Alabama, by and through the District Attorney for the Thirteenth Judicial Circuit of Mobile County, Alabama, to revoke the probation heretofore entered in the above captioned case for the Defendant’s failure to abide by the terms and conditions of his probation, the Court determines the following facts:
“1. On September 27, 1984, the Defendant, represented by his attorney, Ray Pierson, pled guilty to Theft in the Second degree and was sentenced to two years split time served with the balance of his sentence suspended on formal probation.
“2. On September 28, 1984, the Defendant was duly advised of the conditions of his probation by his probation officer, Bill Adam. Said conditions concluded that he not violate the laws of the State of Alabama of these United States.
“3. On June 10, 1985, Ms. Luverne Vereen testified that her residence was broken into on February 23,1985, located at 529 Glenwood Street. Jewelry and her husband’s shotgun were taken.
“4. On June 17,1985, Barbara Calam-etti testified that she saw a black male walking from the side of 569 Glenwood Street carrying a shotgun the morning of the burglary. This male got into the passenger’s side of a black/gold Oldsmobile tag #20-79107 which she reported to the police. Officer Graham testified that shortly after he received the dispatch that he stopped said automobile. The car was being driven by a black male and the Defendant was in the passenger’s side. Found on the car’s front and back seats were items taken in the burglary of Ms. Yereen’s residence, which she later identified as hers.
“Therefore, it is hereby ORDERED, ADJUDGED, and DECREED by this Court that the suspension of the sentence imposed by this Court be terminated, that the probation previously awarded the Defendant be and hereby is REVOKED and TERMINATED and that the Defendant be remanded to the custody of the State Board of Corrections of the State of Alabama, to serve the sentence heretofore imposed in the above captioned case(s).”
The yardstick by which probation revocation proceedings must be measured is established by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Our own Supreme Court, in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), set out and numbered the following requirements for such proceedings.
“1. Written notice to the probationer of the claimed violations of probation.
“2. Disclosure to the probationer of evidence against him or her.
“3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
“4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
“5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
“6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
“7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
*162 “8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
“9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.”
The order in this case does not set out the “reasons for revoking probation.” The evidence at the hearing reflected that the appellant and another were seated in the back of the police car at the location where they were stopped, so there was at least some proof of a “new arrest.”
The second charge in the motion to revoke, regarding control of a firearm, appears to have been substantiated by the testimony. The black male observed by Mrs. Calametti carrying a shotgun was observed getting into the passenger side of the car and the court found that the defendant was in the passenger side of the car. There was also, as appellant urges, evidence that the defendant was sitting on the driver’s side of the car.
The third charge in the motion to revoke, failure to work, was evidently not relied on by the court in revoking probation.
There was certainly a sufficient basis for the court to be “reasonably satisfied” that the defendant was in possession of a firearm, a sufficient ground for revoking probation. We do find that the evidence presented was sufficient to support an order of revocation of probation. We are obliged to apply the somewhat mechanistic requirement of Morrisey v. Brewer, supra, and Armstrong v. State, supra, that the reasons for revocation be set out. Accordingly, we remand this case to the trial court with directions that a new order be prepared complying with the constitutional requirements of due process as set out in Morrisey.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
In response to our directions remanding this cause, the circuit court issued a new order stating the reasons for revoking probation, as required in Morrisey and Armstrong, supra. The judgment of the circuit court revoking probation is affirmed.
OPINION EXTENDED;
AFFIRMED.
All the Judges concur.