Samuel Daniel Crosslin was indicted on August 28, 1980, by the Colbert County Grand Jury for the capital offense of the murder of two or more persons, in violation of § 13A-5-31(a)(10), Code of Alabama 1975. The appellant's motion for a change of venue was granted and the case was transferred to Madison County, Alabama. The appellant's trial began on January 12, 1988. During the course of the trial, the *Page 99 
appellant pleaded guilty to this capital offense and the trial judge sentenced him to "life imprisonment without parole" in the state penitentiary.
The facts of this case are irrelevant to the issues raised on this appeal and, thus, are not set forth in this opinion.
 I
The appellant contends the indictment in this case charged him with the crime of murder, not capital murder, because there were no aggravating circumstances averred in the indictment. Thus, he asserts that his guilty plea to the offense of capital murder is invalid.
The appellant was charged under § 13A-5-31(a)(10), Code of Alabama 1975, which reads as follows:
 "Murder in the first degree wherein two or more human beings are intentionally killed by the defendant by one or a series of acts."
The indictment in this case reads as follows:
 "The Grand Jury of said County charge that before the finding of this Indictment, Samuel Daniel Crosslin, whose name is otherwise unknown to the Grand Jury than as stated, did, by one act or a series of acts, unlawfully and with malice aforethought, intentionally kill Barry Glendon Morris, a human being, by shooting him with a gun, and unlawfully and with malice aforethought did intentionally kill Bobbie Sue Morris, a human being, by shooting her with a gun, against the peace and dignity of the State of Alabama." (CR 2)
The statute in this case clearly prescribes the elements of this offense. The indictment substantially follows the language of the statute and, thus, the same was sufficient to properly apprise the appellant of the capital offense for which he was charged. Ex parte Allred, 393 So.2d 1030 (Ala. 1980).
The indictment in this case charges the appellant with the murder of two persons by one or a series of acts. This is the aggravating circumstance which makes the crime a capital offense. See generally, Holladay v. State [Ms. 7 Div 913, September 20, 1988] (Ala.Cr.App. 1988). This contention is, therefore, without merit.
 II
The appellant alleges that the application of the procedures set forth in Beck v. State, 396 So.2d 645 (Ala. 1980) to his trial violated the ex post facto clause of the United States Constitution.
The violation of the ex post facto clause is a non-jurisdictional defect. A guilty plea waives all non-jurisdictional defects. Lane v. State, 412 So.2d 292 (Ala. 1982) (a capital case wherein the defendant was sentenced to life imprisonment without parole).
A violation of the ex post facto clause may not be raised for the first time on appeal. Smith v. State, 392 So.2d 1273
(Ala.Crim.App. 1980).
Furthermore, the Alabama Supreme Court has specifically held that the guidelines set out in Beck do not violate the ex postfacto clause of the United States Constitution. Ex parte Potts,426 So.2d 896 (Ala. 1983).
For the reasons shown, the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.