TAYLOR, Judge.
The appellant, Memory Osbourne, pleaded guilty to two counts of forgery in the second degree on or about March 23, 1989. The trial court accepted those pleas and adjudged her guilty on both counts. On May 22, 1989, appellant was sentenced to five years in prison. Execution of that sentence was suspended, and she was placed on probation for five years.
Appellant’s probation officer filed a report of delinquency concerning the appellant on March 19, 1990. The report alleged that she had violated the terms of her probation by using illegal drugs, failing to pay court costs, failing to pay restitution, failing to pay attorney’s fees, and failing to obey an order of the court to perform community service.
The appellant admitted that she had violated the terms of her probation as reflected in the delinquency report. This admission was made at an April 20, 1990, revocation hearing. After presentation of all the evidence, the court ordered appellant to enroll in an intensive program of counseling. On July 30, 1990, a second probation revocation hearing was held. The evidence at this revocation hearing showed that the appellant had violated the terms of her probation by failing to abide by all curfew instructions, failing to remain at an approved residence, failing to report to her probation officer on a weekly basis, failing to file weekly reports, failing to pay an assessed fee of $15.00 per week, failing to maintain employment, and failing to perform community service.
The appellant argues that the trial court failed to file a written report as to why her probation was being revoked. It is clear from the record that the trial court did, in fact, file a report. However, the report does not comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). We have recently reaffirmed Armstrong and its progeny, in Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991). As we stated, “The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in the cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).” 579 So.2d at 694.
Those minimal requirements are:
“ “ ‘(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “ ‘neutral *517 and detached’ ” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.’ ” Morrissey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604.”
Grimes, 579 So.2d at 694, quoting Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761.
As further stated in Grimes, these principles have not been changed. The appellant is entitled to a written statement setting out the reasons relied upon in revoking probation.
Thus, on the authority of Morrissey, Gagnon, and Grimes, this case is remanded to the Circuit Court for Mobile County so that that court may file a written statement which reflects the reasons probation was revoked. A copy of the court’s findings shall be filed with this court within 90 days.
REMANDED WITH DIRECTIONS.
All the Judges concur.