The appellant, Stacey Lynn Taylor, appeals from the trial court's order revoking his probation. He was indicted for two counts of unlawful distribution of a controlled substance, in violation of § 13A-12-211, and one count of the attempted commission of a controlled substance crime, in violation of §13A-12-203, Code of Alabama 1975. The trial court granted the appellant's application for youthful offender status, and he pleaded guilty. His 2-year sentence was suspended, and he was placed on 18 months' supervised probation.
The appellant argues that the trial court erred by failing to comply with various provisions of A.R.Cr.P. 27.5 and 27.6 and that it abused its discretion by revoking his probation. We first note that the appellant failed to object at any time during the *Page 1081 
pendency of the proceedings. This fact, however, is not necessarily dispositive of all the issues he raises. Because we must remand this case, we pretermit any discussion of the appellant's argument that the trial court abused its discretion by revoking his probation.
 I
The appellant argues that the trial court erred by failing to comply with the provisions of A.R.Cr.P. 27.5 and 27.6. He specifically contends that the trial court failed to:
 "(1) Inform the [p]robationer of the alleged violation of probation and furnish the [p]robationer with a written copy thereof; [See Rule 27.5(a)(1)]
 "(2) Inform the [p]robationer that any statement the [p]robationer makes prior to the [h]earing may be used against the [p]robationer; [See Rule 27.5(a)(2)]
 "(3) Set a date for the [r]evocation [h]earing; [See Rule 27.5(a)(4)]
 "(4) Inquire into the [p]robationer's financial status and determine whether he is indigent before incarcerating him for failure to pay court costs and the like; [See Rule 27.5(a); Snipes v. State, 521 So.2d 89 (Ala.Cr.App. 1986)]
 "(5) Before accepting an admission or denial, by a [p]robationer, that he has violated a condition of probation, that the [c]ourt failed to determine that the [p]robationer understood the nature of the alleged violation, that he voluntarily waived these rights, and that the admission was voluntary; [See Rule 27.6(c)]."
The appellant, however, failed to present any of these issues to the trial court. We find no cases other than Ex parteHelton, 578 So.2d 1379 (Ala. 1990), and Story v. State,572 So.2d 510 (Ala.Cr.App. 1990), which stand for the proposition that the trial court's compliance with Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975) and Rules 27.5 and 27.6 is not waivable;[1] therefore, the general rules regarding preservation should apply to rights granted to a probationer by Armstrong
and Rule 27.5 and 27.6. "It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings."Willis v. State, 500 So.2d 1324 (Ala.Cr.App. 1986). Even constitutional issues may be waived on appeal if not presented to the trial court. Crosslin v. State, 540 So.2d 98
(Ala.Cr.App. 1988); Cagle v. State, 504 So.2d 1225 (Ala.Cr.App. 1987); Andersen v. State, 418 So.2d 967 (Ala.Cr.App. 1982);Moore v. State, 415 So.2d 1210 (Ala.Cr.App.), cert. denied,459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982). Therefore, we hold that because the appellant failed to present the foregoing issues to the trial court, they are procedurally barred.Stanley v. State, 579 So.2d 19, 20 (Ala.Cr.App. 1990) (failure to object to trial court's taking notice of probation contract in court file waived issue on appeal); Maul v. State,531 So.2d 35, 36 (Ala.Cr.App. 1987) ("matters not objected to are not preserved for review"); Salter v. State, 470 So.2d 1360, 1362
(Ala.Cr.App. 1985) (failure to object to certified copy of conviction at probation revocation hearing waived issue on appeal); cf. Ex parte Brown, 540 So.2d 740 (Ala. 1989) (trial court's failure to comply with A.R.Juv.P. 24 waived by failure to object).
 II
The appellant contends that the trial court erred by not making a written statement of, or stating for the record, the reasons for revoking probation and the evidence relied upon as required by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973), Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 *Page 1082 
(1972), Armstrong, and A.R.Cr.P. 27.6(f).[2] The trial court's revocation order reads in pertinent part as follows:
"ORDER ON REVOCATION HEARING
 "Defendant appeared in open Court for hearing on probation revocation with counsel Robert L. Bowers, Jr. present. The Court further finds that the Defendant had sufficient notice and understanding of the charges against him. Testimony was received from the Probation Officer and from the Defendant.
 "Based upon the evidence presented and the testimony received, it is, therefore, ORDERED, ADJUDGED AND DECREED that the Defendant's probation is due to be and is hereby revoked. Said revocation is based upon the following acts which occurred subsequent to the Order of Probation:
 "1. Defendant has failed to avoid injurious or vicious habits.
 "2. Defendant has failed to pay Court ordered monies.
 "Therefore, the Defendant is ORDERED to serve a term of two years in the penitentiary of the State of Alabama. Defendant is to receive credit for time served. Payment of court ordered monies herein shall be a condition of parole or any other early release."
It is clear from the revocation order that the trial court failed to include a statement of the evidence relied upon in revoking the appellant's probation; therefore, this case must be remanded for the trial court to issue an order stating the reasons and the evidence relied upon, in compliance withGagnon, Morrissey, and Armstrong. Osbourne v. State,588 So.2d 516 (Ala.Cr.App. 1991); Grimes v. State, 579 So.2d 693
(Ala.Cr.App. 1991); Weaver v. State, 515 So.2d 79 (Ala.Cr.App. 1987); Perry v. State, 494 So.2d 160 (Ala.Cr.App. 1986). Butsee Stanley v. State, 579 So.2d 19, 20 (Ala.Cr.App. 1990) ("technical compliance with Armstrong . . . may not be required if a reviewing court from the record of the case can discern the reasons evidenced for the trial court's decision"); Harrisv. State, 549 So.2d 520 (Ala.Cr.App. 1989). We further note that, although the appellant failed to object to the trial court's failure to include a statement of the evidence relied upon in its order, we may not rely upon procedural bar on this particular issue. See Ex parte Helton, 578 So.2d 1379 (Ala. 1990).
Thus, on the authority of Armstrong, this case is remanded to the Circuit Court of Chilton County for the court to file a written statement of the evidence relied upon in revoking the appellant's probation. A copy of the circuit court's statement shall be filed with this court within 90 days.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] While Ex parte Helton implies that the requirement that the trial court state the reasons and the evidence relied upon for revocation is not waivable because of the lack of an objection, the Alabama Supreme Court neither specifically addressed preservation, nor extended its holding to other Armstrong
requirements, which are now embodied in Rules 27.5 and 27.6. InStory, this court held that the appellant did not waive his right to a revocation hearing by failing to object.
[2] We note Gagnon, Morrissey, and Armstrong all refer to a "written statement" by the trial court, whereas, Rule 27.6(f) states that the trial court "shall make a written statement orstate for the record" the reasons and evidence relied upon for revoking probation. We need not decide whether an oral statement for the record will suffice under Gagnon, Morrissey, and Armstrong because although the trial court stated, at the close of the hearing, the reasons for the record, it did not state the evidence relied upon. Thus, even that statement would be insufficient.