BOWEN, Judge.
The appellant, Ruth Chestnut Henry, was convicted of the unlawful possession of controlled substances and was sentenced to three years’ imprisonment. On this appeal of that conviction, she raises one issue.
She claims that the trial court erred in admitting evidence of her telephone records, containing numerous long-distance calls to Birmingham, to corroborate her statement that she obtained drugs from a supplier in that city. The appellant argues that the admission of this evidence violated the court’s discovery order and that this evidence was irrelevant.
We find that the appellant invited the error, if any, in the admission of the evidence, and that she failed to object in a timely manner to the fact that the records were not provided to her in pre-trial discovery under Rule 16.1(c), A.R.Crim.P. Furthermore, we hold that under the circumstances of this case any error in the admission of the telephone records was harmless.
Marshall County sheriff’s investigator Sonny Riddle and other law enforcement officers executed a search warrant at the appellant’s residence on January 31, 1990. The officers found 24 diazepam tablets, 80½ hydromorphone tablets, and $701 in cash. Without objection from the defense, the prosecutor questioned Officer Riddle:
“Q. [By assistant district attorney]: All right. Now, what other items of evidence were found?
“A. Ah, we took some, ah, phone records, phone bills.
“Q. All right. What else?
“A. Ah, there was also some syringes taken.” R. 46-47.
On cross-examination of Officer Riddle, the following occurred:
“Q. [By defense counsel]: I think there’s been testimony that you confiscated a phone bill. The State hasn’t offered it. Was there anything unusual about somebody having a phone bill?
“A. [By Officer Riddle]: No, not really.” R. 200.
Then, on redirect examination of Officer Riddle, the prosecutor continued, without objection by the defense:
“Q. [By assistant district attorney]: [Defense counsel] asked you about a phone bill. I show you what has been marked as State’s Exhibit Number 10 (indicating). Can you identify that?
"A. [By Officer Riddle]: Yes, sir.
“Q. What is that?
“A. It’s a phone bill.
“Q. All right. Is that the one that you confiscated on the occasion that’s in question here?
“A. Yes, sir.” R. 202.
Defense counsel first objected to the testimony about the telephone records the next day when, on direct examination of Chief Investigator Robert Norwood of the Marshall County Sheriff’s office, the prosecutor inquired:
“Q. [By assistant district attorney]: All right. Show you what has been marked for identification purposes as State's Exhibit Number 10 (indicating). I’ll ask you if you would to look at that please, sir?
“A. [By Chief Investigator Norwood]: Yes, sir.
“Q. What is that?
“A. Those — That’s a phone bill.
“Q. And did you find a phone bill?
“A. Yes, sir, I did.
“Q. And where did you find it?
“A. It was, ah, there on that kitchen table.
“Q. Okay. And what did you do with the phone bill when you found it?
“A. I, ah, turned to invest’ — ah, Narcotics Investigator Charlie Mickle and handed the phone bills to Charlie Mickle.
“Q. All right.
“A. Who was standing there near the kitchen area by the table.
“Q. Okay. And are these those same phone bills (indicating)?
“A. Yes, sir—
“[DEFENSE COUNSEL]: Excuse me.
*1300 “A. —they are.
“[DEFENSE COUNSEL]: Excuse me. I would like to interpose an objection here.
“I think in the Court’s discovery order you ordered the State to furnish us with any documents that they were going to use in their case in chief in the trial. And in reflecting—looking through my discovery, I don’t see anything about any phone bills.
“[ASSISTANT DISTRICT ATTORNEY]: Judge, we didn’t plan to until the Defendant brought it up.” R. 271-73.
Then followed a bench conference out of the presence of the jury at which the trial court ruled that the appellant had “opened the door” to the admission of evidence about the telephone bill when defense counsel asked Officer Riddle whether there was “anything unusual about having a phone bill.” R. 276.
The defense was not the first to elicit testimony about the telephone bill. Officer „ Riddle first mentioned the telephone records in answer to the prosecutor’s question about what items were confiscated during the search. However, during cross-examination of Riddle, the appellant did draw to the jury’s attention both the question of whether or not the records were “unusual” and the fact that the State had not offered them. Thus, while the appellant was not the first to offer testimony about the records, she was the first to inject the issue of how the records applied to this prosecution. “Whenever defense counsel injects an issue into a case during cross-examination, the State may, within the discretion of the trial judge, question the witness as to that matter.” Austin v. State, 434 So.2d 289, 292 (Ala.Cr.App.1983).
In Sistrunk v. State, 596 So.2d 644, 646-47 (Ala.Cr.App.1992), this Court held that “where defense counsel attempts to impeach a prosecution witness on cross-examination by repeated inquiry into whether the witness can remember the events about which he is testifying, the prosecution is entitled, on redirect examination, to elicit the witness’s testimony as to why he can remember the events in question.” This rule applies “even where the testimony on redirect examination concerns other criminal conduct by the defendant.” Id. at 647. Here, the State was entitled to have the records admitted in order to show that they were applicable to this prosecution: they corroborated the appellant’s statement that she obtained the contraband by meeting a person at a particular service station in Birmingham. That person then contacted a third party by “beeppng] a number and we m[]et there.” C.R. 78.
The appellant’s objection to the evidence on the ground that it was not disclosed during pre-trial discovery was untimely. The telephone records had been mentioned three times before the appellant first objected on this basis. A defendant's objection to evidence on the ground that it was not disclosed under Rule 16.1 must, like every other objection to evidence, be interposed in a timely and specific manner. Pettway v. State, 607 So.2d 325 (Ala.Cr.App.1992). See also Molina v. State, 533 So.2d 701, 713 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989).
Finally, in light of the appellant’s full confession to the possession of the drugs, and the fact that she obtained them through a contact in Birmingham, the evidence of the telephone records supporting that confession was harmless. See Washington v. State, 555 So.2d 347, 349 (Ala.Cr.App.1989) (when accused admitted killing but claimed accident or self-defense, admission of bullet taken from body of victim harmless).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.