The appellant, Joseph Miller, was convicted of unlawful possession of a controlled substance, in violation of §13A-12-212, Code of Alabama 1975. His 10-year sentence was split, pursuant to § 15-18-8, Code of Alabama 1975, with 3 years to be served and 7 years on probation. The trial court subsequently revoked the split sentence and ordered him to serve the 10-year sentence. He now appeals from the trial court's order revoking his split sentence.
 I
The appellant raises several issues that are procedurally barred. The appellant contends that the trial court revoked his split sentence based solely on hearsay testimony; that he did not receive adequate notice of the evidence upon which the revocation was based; that the trial court failed to issue a probation order that expressly provided " 'Appellant shall not violate a regulation of the Department of Corrections"; that the trial court failed to comply *Page 435 
with A.R.Cr.P. 27.1, 27.2, 27.5, and 27.6(c), (d)(1), and (e); and that the state's evidence was insufficient.
This court recently addressed the failure of an appellant to preserve his issues regarding a trial court's compliance with the provisions of A.R.Cr.P. 27. In Taylor v. State,600 So.2d 1080 (Ala.Cr.App. 1992), this court held as follows:
 "The appellant, however, failed to present any of these issues to the trial court. We find no cases other than Ex parte Helton, 578 So.2d 1379
(Ala. 1990) [(requirement that trial court state reasons and evidence relied on not waivable by failure to object)], and Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990) [(right to revocation hearing not waived by failure to object)], which stand for the proposition that the trial court's compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and Rules 27.5 and 27.6 is not waivable; therefore, the general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6. 'It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.' Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986). Even constitutional issues may be waived on appeal if not presented to the trial court. Crosslin v. State, 540 So.2d 98
(Ala.Cr.App. 1988); Cagle v. State, 504 So.2d 1225
(Ala.Cr.App. 1987); Andersen v. State, 418 So.2d 967
(Ala.Cr.App. 1982); Moore v. State, 415 So.2d 1210
(Ala.Cr.App.), cert. denied, 459 U.S. 1041
[103 S.Ct. 459, 74 L.Ed.2d 610] (1982). Therefore, we hold that because the appellant failed to present the foregoing issues to the trial court, they are procedurally barred. Stanley v. State, 579 So.2d 19, 20 (Ala.Cr.App. 1990) (failure to object to trial court's taking notice of probation contract in court file waived issue on appeal); Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App. 1987) ('matters not objected to are not preserved for review'); Salter v. State, 470 So.2d 1360, 1362
(Ala.Cr.App. 1985) (failure to object to certified copy of conviction at probation revocation hearing waived issue on appeal); cf. Ex parte Brown, 540 So.2d 740 (Ala. 1989) (trial court's failure to comply with A.R.Juv.P. 24 waived by failure to object)."
600 So.2d at 1081 (footnote omitted). Thus, based onTaylor, the appellant's foregoing contentions are procedurally barred by the appellant's failure to present them to the trial court.
 II
The appellant contends that the trial court failed to hold a revocation hearing. This contention is simply without merit. The trial court did hold a revocation hearing.
 III
The appellant correctly contends that the trial court failed to issue an order stating the reasons upon which the revocation was based and the evidence relied upon as required byArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and A.R.Cr.P. 27.6(f). In Wyatt v. State, 608 So.2d 762 (Ala. 1992), the Alabama Supreme Court recently reaffirmed the necessity of a written order stating the reasons and evidence relied upon and impliedly overruled those cases that held that a complete written order was unnecessary if the order and the record together provided the reasons and evidence relied upon, seee.g., Brown v. State, 515 So.2d 146 (Ala.Cr.App. 1987); Salterv. State, 470 So.2d 1360 (Ala.Cr.App. 1985).
Thus, on the authority of Armstrong, this case is remanded to the Circuit Court of Montgomery County for the court to file a written statement of the reasons for and evidence relied upon in revoking the appellant's split sentence. A copy of the circuit court's statement shall be filed with this court within 30 days.
REMANDED WITH DIRECTIONS.
All Judges concur. *Page 436