The appellant, Anthony Woodberry, pleaded guilty and was subsequently convicted of theft of property in the second degree, § 13A-8-4, Code of Alabama 1975. He was sentenced to 15 years' imprisonment, and the sentence was split, so that he was to serve three years in the penitentiary and then serve five years on probation. During his incarceration, the appellant had approximately 67 disciplinary infractions. The trial judge conducted a hearing to determine whether the appellant's probation should be revoked. See § 15-18-8, Code of Alabama 1975. At that hearing, Larry Thompson, a correctional officer at Staton Correctional Facility, where the appellant was incarcerated, testified that he supervised the appellant's work on the "farm squad." He testified that, although the appellant had approximately 67 disciplinary infractions, 40 of those infractions were attributable to the appellant's refusal to "check out" for work. After hearing all the evidence, including the testimony of the appellant, the trial judge revoked the appellant's probation and imposed the original 15-year sentence. The appellant appealed and on January 22, 1993,625 So.2d 1159, we remanded this cause to the trial court for preparation of a revocation order, in compliance with Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (1975).
The circuit court, pursuant to this court's order, has submitted a written statement of the evidence it relied on in revoking the appellant's probation. The circuit court's statement reads as follows: *Page 1161 
 "1. The matter was set for hearing and all parties and counsel were notified and appeared.
 "2. The appellant was aware of the charges as evidenced by the record of disciplinaries presented by the representative of the Department of Corrections.
 "3. The defendant had the right, opportunity and, in fact, did confront and cross-examine his accuser, namely, CO-1 Larry Thompson, Staton Correctional Facility. See T.P. 6-10.
 "4. The court relied on the evidence presented by CO-1 Larry Thompson in revoking appellant's split-sentence, as shown in the transcript."
 I
The appellant argues that the trial court erred when it did not inform him of his right to confront and to cross-examine his "accusers" at the revocation hearing. The appellant's argument, however, is unsupported by the record. The record reveals that the appellant was represented by counsel at the hearing and did cross-examine his "accuser," correctional officer Larry Thompson.
 II
The appellant argues that the revocation of his prospective probation amounts to double jeopardy because, he says, he is being punished twice for the same prison disciplinaries. However, in Wray v. State, 472 So.2d 1119, 1121 (Ala. 1985), the Alabama Supreme Court stated:
 "We have recently held that a grant of probation does not reduce a sentence, but rather that the original sentence which was suspended remains the same. State v. Green, 436 So.2d 803
(Ala. 1983). Since a grant of probation does not reduce a sentence, it necessarily follows that the revocation of probation does not increase a sentence. Based upon our holding in Green, [the defendant's] original sentence of five years remained the same throughout the trial court's actions regarding probation. Therefore, the court's grant and reconsideration of probation was not a resentencing of [the defendant] — his original sentence of five years' imprisonment remained unchanged.
 "Since [the defendant] was not resentenced, the Double Jeopardy Clause was not violated. To hold otherwise would be to drastically change the nature of probation itself. If probation, once granted by a court, could not be renounced by that court without the action amounting to a resentencing, then no court could ever reconsider and renounce its grant of probation without offending the Double Jeopardy Clause. We do not believe this to be the intent of the legislature when it empowered the courts with absolute discretion regarding probation."
Because the appellant was not resentenced, his double jeopardy argument is without merit.
 III
The appellant argues that, because his counsel failed to question the sufficiency of the evidence at the revocation hearing, he received ineffective assistance of counsel. An attorney's decision not to raise a particular argument regarding the evidence is not an indication that the attorney's performance fell below an acceptable professional standard. Falkner v. State, 586 So.2d 39 (Ala.Cr.App. 1991);Saffold v. State, 570 So.2d 727 (Ala.Cr.App. 1990). InStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), the United States Supreme Court set forth
 "a two-prong test which must be satisfied before an accused can successfully prove ineffective assistance of counsel. The first prong of that test requires a showing that the counsel's performance fell below acceptable professional standards. The second prong of the test requires an accused to show that the counsel's performance directly prejudiced his case and injuriously affected the outcome."
See also Graham v. State, 593 So.2d 162 (Ala.Cr.App. 1991);Johnson v. State, 557 So.2d 1337 (Ala.Cr.App. 1990).
Here, the appellant has failed to meet the first prong of the Strickland test by showing that his counsel's performance fell *Page 1162 
below an objective standard of reasonableness, and it is unnecessary for us to consider the second prong of this test. Additionally, a review of the record reveals that appellant's counsel zealously defended him. Therefore, the appellant's ineffective assistance of counsel argument must fail.
 IV
The appellant argues that he was not informed that he could present witnesses at the revocation hearing. However, the appellant failed to object on this ground at any time during the pendency of the proceeding and, therefore, did not preserve the issue for appellate review.
 "We find no cases other than Ex parte Helton, 578 So.2d 1379 (Ala. 1990), and Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990), which stand for the proposition that the trial court's compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Rules 27.5 and 27.6 is not waivable. [While Ex parte Helton implies that the requirement that the trial court state the reasons and the evidence relied upon for revocation is not waivable because of the lack of an objection, the Alabama Supreme Court neither specifically addressed preservation, nor extended its holding to other Armstrong requirements, which are now embodied in Rules 27.5 and 27.6. In Story, this court held that the appellant did not waive his right to a revocation hearing by failing to object]. [T]herefore, the general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6. 'It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.' Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986). Even constitutional issues may be waived on appeal if not presented to the trial court. Crosslin v. State, 540 So.2d 98
(Ala.Cr.App. 1988); Cagle v. State, 504 So.2d 1225
(Ala.Cr.App. 1987); Andersen v. State, 418 So.2d 967
(Ala.Cr.App. 1982); Moore v. State, 415 So.2d 1210
(Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982). Therefore, we hold that because the appellant failed to present the foregoing issues to the trial court, they are procedurally barred. Stanley v. State, 579 So.2d 19, 20 (Ala.Cr.App. 1990) (failure to object to trial court's taking notice of probation contract in court file waived issue on appeal); Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App. 1987) ('matters not objected to are not preserved for review'); Salter v. State, 470 So.2d 1360, 1362
(Ala.Cr.App. 1985) (failure to object to certified copy of conviction at probation revocation hearing waived issue on appeal); cf. Ex parte Brown, 540 So.2d 740 (Ala. 1989) (trial court's failure to comply with A.R. Juv. P. 24 waived by failure to object)."
Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992).
 V
The appellant argues that he did not receive notice of the revocation hearing. This argument, however, was not presented to the trial court during the proceedings and was, therefore, not preserved for appellate review. See Taylor v. State, supra. See also Nichols v. State, [Ms. CR-92-301, May 7, 1993], 1993 WL 144090 (Ala.Cr.App. 1993) (notice to the defendant under Rule 26.6(b)(3)(ii) appears to be a procedural matter rather than a jurisdictional prerequisite to the application of the Habitual Felony Offender Act and, therefore, can be waived).
AFFIRMED.
All Judges concur.