649 So.2d 1323 (1994)
T.H.B.
v.
STATE.
CR-93-0010.
Court of Criminal Appeals of Alabama.
March 25, 1994.
Rehearing Denied October 21, 1994.
Thomas Motley, Dothan, for appellant.
James H. Evans, Atty. Gen., and Norbert Williams, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
The appellant, T.H.B., appeals the trial court's revocation of his probation. He raises two issues on appeal.

I.
T.H.B. contends that the state failed to present sufficient evidence at the probation revocation hearing to warrant revocation. He was originally convicted as a youthful offender and was sentenced to one year's imprisonment. The sentence was suspended on April 9, 1991, and he was placed on 18 months' probation. On February 24, 1992, a delinquency report was filed against T.H.B.. An arrest warrant was issued on April 13, 1992. Before T.H.B. was arrested, a supplemental delinquency report was filed against him alleging 46 cases of negotiating worthless negotiable instruments (hereinafter "NWNI"). He was arrested on September 9, 1993.
At the revocation hearing, the state presented testimony from T.H.B.'s probation officer in Houston County. Initially, T.H.B.'s case was transferred from Houston County to the probation authorities in Madison County. The probation officer who testified at the hearing testified that he had received notice from the Madison County authorities that T.H.B. had violated his probation by failing to report to the authorities as ordered. T.H.B. argues that this is hearsay evidence, implies that this was the sole evidence presented at the hearing in support of the revocation, and argues that it is therefore insufficient to support the revocation. No objection was made to the admission of this testimony at the revocation hearing, and thus this evidence was properly before the trial court for its consideration. Furthermore, the Houston County probation officer testified that T.H.B. failed to report to him after the *1324 case was returned to Houston County from Madison County. This testimony is not hearsay and is direct evidence of T.H.B.'s failure to report. Accordingly, T.H.B.'s allegation that there was insufficient evidence to revoke his probation is without merit.

II.
T.H.B. also contends that the trial court lacked jurisdiction to revoke his probation because the NWNI charges were not filed before his probation expired. This issue has no merit. See Smitherman v. State, 639 So.2d 569 (Ala.Cr.App.1993); Watkins v. State, 455 So.2d 160 (Ala.Cr.App.1984).

III.
T.H.B. contends that the trial court's order revoking his probation failed to comply with Rule 27.6(f), A.R.Cr.P., and with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). He contends that the trial court failed to make a written statement of the evidence relied upon in revoking his probation, as Armstrong mandates. The written order of the trial court revoking probation is as follows: "9/20/93 Defendant's probation revoked for failure to report and for new NWNI charges." Armstrong requires that an order revoking probation must be written and must set forth the evidence relied upon, as well as the reason for the revocation in order for due process requirements to be met. See Wyatt v. State, 608 So.2d 763 (Ala.1992); Miller v. State, 611 So.2d 434 (Ala.Cr.App.1992). These requirements offer the probationer some protection from an abuse of discretion by the trial court, aids an appellate court in reviewing a revocation, and prevents future revocations based on the same conduct. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991).
In the instant case, the trial court gave its reasons for revoking probation, but failed to make a written statement of the evidence relied upon in reaching its decision. Thus, the requirements of Armstrong were not met. For this reason, we remand this case to the trial court with instructions to file a written statement of the evidence relied upon in revoking T.H.B.'s probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.[*]
All Judges concur.
NOTES
[*] Editor's Note: On return to the remand, the court on September 9, 1994, affirmed the decision by an unpublished memorandum.