This is an appeal from a revocation of probation. In October 1990, Curtis Lamar Harrelson, the appellant, pleaded guilty to receiving stolen property in the second degree *Page 1152 
and to two counts of theft of property in the second degree. He was sentenced to four years' imprisonment on each conviction, with the sentences to be served concurrently. Those sentences were suspended, and he was placed on probation for three years. In October 1993, the period of probation was extended for one year after the appellant was arrested for harassing communications, criminal trespass, and use of marijuana. C.R. 10. The appellant's probation was revoked in March 1994, in connection with additional criminal charges of harassment and escape in the third degree.
 I.
At the revocation hearing, the appellant objected to the State's failure to serve on his counsel a copy of the delinquency report prepared by the appellant's probation officer. However, the appellant was present at an initial appearance hearing at which he was given a copy of the delinquency report. R. 6-8. That report contained two charges of delinquency: 1) harassment involving Donna Barfoot Jowers, and 2) escape in the third degree. The appellant's probation was revoked for the sole reason that the appellant "did, during the term of his probation, commit the offense of harassment upon one Donna Jowers." C.R. 20.
At the beginning of the revocation hearing, the circuit court judge acknowledged that defense counsel had not had an opportunity to review the report but noted that the appellant had received a copy of the report at his initial appearance and that a copy had been placed in the court's file. Then the trial judge placed the appellant's case last on the docket to allow the appellant and his counsel time to review the report and to further object, if necessary, before beginning the appellant's case. R. 10. The record does not reflect that any further objections were raised when the appellant's case was called. Under these circumstances, we find that the appellant has waived this issue.
 II.
The appellant alleges that he was not notified of the adverse testimony of witness Mary Ann Willingham prior to his revocation hearing.
Ms. Willingham testified at the revocation hearing as to the appellant's conduct toward Ms. Jowers, the harassment victim. The substance of Ms. Willingham's testimony was essentially the same as the description of the harassment offense contained in the delinquency report.
Under Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), a probationer is entitled to disclosure of the evidence against him or her. Rule 27.5(a)(1), A.R.Crim.P., states that, after arrest, the probationer shall be taken without unnecessary delay before a judge, who shall "[i]nform the probationer of the alleged violation of probation and furnish the probationer with a written copy thereof." Both of these requirements were clearly met in this case. See Part I of this opinion. There is, however, no requirement that a probationer be provided a list of witnesses who will testify for the State at the revocation hearing.
Moreover, this issue was not properly preserved for appellate review. "[T]he general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6 [A.R.Crim.P.]." Taylor v. State, 600 So.2d 1080,1081 (Ala.Cr.App. 1992), quoted in Henry v. State, [Ms. CR 92-1591, March 25, 1994] ___ So.2d ___ (Ala.Cr.App. 1994). The appellant's objection raising this issue at trial came only after the State had presented its case and rested. R. 45-46. That objection was untimely. "To be timely, an objection must be interposed as soon as the ground for the objection becomes apparent." Watson v. State, 439 So.2d 762, 769 (Ala.Cr.App. 1983). See also Henry v. State, 607 So.2d 1298, 1300
(Ala.Cr.App. 1992) ("[a] defendant's objection to evidence on the ground that it was not disclosed under Rule 16.1[, A.R.App.P.,] must, like every other objection to evidence, be interposed in a timely and specific manner").
 III.
The appellant contends that insufficient evidence was presented to prove that a condition of probation had been violated. The basis for this argument is the appellant's *Page 1153 
allegation that recent substance abuse by the State's witness Mary Ann Willingham prevented her from being a credible witness.
 " ' "This Court must view the evidence in the light most favorable to the State, and 'draw all reasonable inferences and resolve all credibility choices in favor of the trier of fact.' " Woodberry v. State, 497 So.2d 587, 590
(Ala.Cr.App. 1986). . . . " 'Any doubt, vagueness, or inconsistency in the testimony of a witness [or witnesses] properly goes to the credibility of the witness and is thus a question for the [trier of fact].' Gurganus v. State, 520 So.2d 170, 173 (Ala.Cr.App. 1987)." '
 "D.L. v. State, 625 So.2d 1201, 1204 (Ala.Cr.App. 1993). 'Credibility determinations are for the trier of fact.' Economy Fire and Cas. Co. v. Goar, 551 So.2d 957, 959 (Ala. 1989)."
J.M.V. v. State, [Ms. CR 93-136, 93-248, May 27, 1994]651 So.2d 1087, 1091 (Ala.Cr.App. 1994). The determination of the witness's credibility was a question for the circuit court judge; the record does not provide this Court with any reason to question that judge's decision.
 IV.
The trial court's order of revocation sufficiently complies with Armstrong in that it states "the evidence relied on and reasons for revoking probation." Armstrong, 294 Ala. at 103,312 So.2d at 623. That order states:
 "The defendant being present with Honorable Alan Woodard, his attorney of record, the Court proceeded to hear the evidence and finds that the defendant has violated a condition of his probation in that there is evidence believed and relied upon by the Court, upon consideration of all the proof presented, including that of witnesses Bill Law [probation officer] and Mary Ann Willingham [eyewitness], that the defendant has violated a condition of his probation. Particularly, the Court is reasonably satisfied from the evidence that defendant did, during the term of his probation, commit the offense of Harassment upon one Donna Jowers. The Court is of the opinion that such offense clearly breached the requirement that defendant not violate any federal, state, or local law."
C.R. 20.
The judgment of the circuit court revoking the appellant's probation is affirmed.
AFFIRMED.
All Judges concur.