BROWN, Judge.
The appellant, Lonnie Lamar Skipper, appeals from the order of the Baldwin Circuit Court revoking his probation. The appellant was convicted of theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. His sentence of five years’ imprisonment was split and he was placed on two years’ supervised probation after completion of a disciplinary rehabilitation program, commonly referred to as “boot camp.” See Skipper v. State, 650 So.2d 967 (Ala.Cr.App.1994).
At the probation revocation hearing, the appellant told the court that he had violated the terms of his probation in that he had committed a new criminal offense, i.e., unlawful possession of marijuana in the second degree. (R. 4.) The appellant also pleaded guilty to the unlawful possession charge. The court then advised the appellant that he would be sentenced to one year in the county jail on the unlawful possession charge, with the sentence on that charge to run concurrently with the remainder of the five-year sentence in the ease in which the trial judge was revoking the appellant’s probation. (R. 6-9.)
The appellant claims that the trial court failed to comply with the requirement of Rule 27.6(c), Ala.R.Crim.P. We note, however, that the appellant failed to present this issue to the trial court. In Taylor v. State, 600 So.2d 1080 (Ala.Cr.App.1992), this court, in addressing the probationer’s claim that the trial court had failed to comply with Rules 27.5 and 27.6, Ala.R.Crim.P., stated:
“The appellant, however, failed to present any of these issues to the trial court. We find no cases other than Ex parte Helton, 578 So.2d 1379 (Ala.1990), and Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990), which stand for the proposition that the trial court’s compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Rules 27.5 and 27.6 is not waivable; therefore, the general rules regarding preservation should apply to rights granted to a probationer by Armstrong and Rule 27.5 and 27.6. ‘It is for the trial court ... to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings.’ Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986). Even constitutional issues may be waived on appeal if not presented to the trial court. Crosslin v. State, 540 So.2d 98 (Ala.Cr.App.1988); Cagle v. State, 504 So.2d 1225 (Ala.Cr.App.1987); Moore v. State, 415 So.2d 1210 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982). Therefore, we hold that because the appellant failed to present the foregoing issues to the trial court, they are procedurally barred.”
Taylor, 600 So.2d at 1081 (footnote omitted).
Thus, the appellant’s contention that the trial court failed to comply with Rule 27.6(e) is not preserved for appellate review. See Miller v. State, 611 So.2d 434 (Ala.Cr.App.1992).
The appellant further contends that the trial court failed to enter a written order setting forth the findings of fact, the evidence relied upon, and the reasons for revoking his probation as required by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Wyatt v. State, 608 So.2d 762 (Ala.1992). The appellant asserts that the trial court must comply with the requirements of Morrissey and Gagnon even though the appellant confessed to the commission of a new offense at the hearing. We agree.
The only written order memorializing the court’s action appears in the case action summary sheet and is as follows:
“Defd appeared with counsel and confessed revocation. Deft, remanded to Dept, of Corrections to serve sentence to run concurrent with CC 96-127.”
(C.R.2.)
This court has held that “[t]he fact that the appellant admitted the violation does not relieve a court from complying with the constitutional requirements mandated by Morrissey and Gagnon.” DuBoise v. State, 647 So.2d 79.(Ala.Cr.App.1994).
*1015 The trial judge who presided over the probation revocation proceedings below is no longer serving on the trial bench. Thus, a new trial judge will be asked to comply with the mandate of this court. Accordingly, the trial court is instructed to review, the transcript of the probation revocation hearing and to determine, if it can, whether the transcript sufficiently sets forth the evidence and the reasons for the revocation. If so, the court is instructed to enter an order stating the evidence relied upon and the reasons for revoking the appellant’s probation. Should the trial court be unable to determine from the transcript the basis for revocation, it should hold a new probation revocation hearing in compliance with the requirements in Morrissey and Gagnon. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur, except BASCHAB, J., who recuses.