This appeal is from an order revoking Randy Williams's probation.
In January 1996, Williams was convicted of possession of marijuana in the first degree, a violation of § 13A-12-213,Code of Alabama 1975. He was sentenced to two and one-half years' imprisonment; however, the court suspended the sentence and placed him on two years' probation. On September 24, 1996, Williams's probation officer filed a report with the court, indicating that Williams had failed to report to him or to pay his probation supervision fees from June 5, 1996, until the filing of his report on September 24, 1996. On October 18, 1996, a revocation hearing was held, after which Williams's probation was revoked. The trial court made two separate notations in its case action summary: the first simply stated, "Probation Revoked." The second stated, in pertinent part, as follows: "Transcript needs to be provided to court so I can state my reasons for revocation." This was apparently never done, and the trial court's reasons for revoking Williams's probation do not appear in the record of this case.
 I.
Williams argues that there was no evidence in the record to establish that he had ever received "a written copy of the condition or regulation" of his probation, as required by Rule 27.6(e), Ala.R.Crim.P. However, Williams failed to preserve this issue for our review by first raising it before the trial court.
In Puckett v. State, 680 So.2d 980 (Ala.Cr.App. 1996), this Court addressed the same claim as Williams now raises.
 "Since our decision in Taylor [v. State, 600 So.2d 1080 (Ala.Cr.App. 1992)], this court has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation (see Rule 27.6(f), Ala.R.Crim.P.), as was the situation in Ex parte Helton, 578 So.2d 1379 (Ala. 1990), and (2) the requirement that a revocation hearing actually be held (see Rule 27.6(a), Ala.R.Crim.P.), as was the situation in Story v. State, 572 So.2d 510
(Ala.Cr.App. 1990). We have consistently held that other claims — even those raising constitutional issues — are waivable. See, e.g., Henry v. State, 675 So.2d 44, 45 (Ala.Cr.App. 1994); Harrelson v. State, 651 So.2d 1151, 1152 (Ala.Cr.App. 1994); Woodberry v. State, 625 So.2d 1159, 1162
(Ala.Cr.App. 1993); and Miller v. State, 611 So.2d 434, 435 (Ala.Cr.App. 1992)."
680 So.2d at 983.
No objection was made on this ground at the trial level; thus, this issue is barred from consideration on appeal.
 II.
Williams argues that his due process rights were violated because the trial court failed to make a written statement as to the reasons for the revocation of his probation, as required by Rule 27.6(f), A.R.Crim.P.
In Armstrong v. State, 294 Ala. 100, 102-03, 312 So.2d 620
(1975), the Alabama Supreme Court stated, in pertinent part, that "[a] defendant is entitled to a written statement by the fact finder as to the evidence relied on and the reasons for revoking his probation or parole. Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 *Page 1045 
(1972), supra; Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), supra."
Because the reasons do not appear in the record, we must remand this case to allow the trial court to make written findings regarding its reason for revocation of appellant's probation. Due return should be made to this Court within 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All judges concur.
 On Return to Remand