WELCH, Judge.
Scotty Edwards, Jr., appeals the circuit court’s order revolting his probation. The record indicates that in 1999 Edwards pleaded guilty to one count of unlawful distribution of a controlled substance. On September 28, 1999, he was sentenced to 15 years’ imprisonment. However, the circuit court suspended the sentence and, pursuant to the Split Sentence Act, ordered Edwards to serve 1 year’s imprisonment, followed by 14 years of supervised probation.
On January 8, 2008, Edwards’s probation officer filed a delinquency report charging Edwards with violating the conditions of his probation by committing the new offense of unlawful distribution of a controlled substance. A probation-revocation hearing was held on March 19, 2008.
At the probation-revocation hearing, the State presented evidence indicating that on June 2, 2007, Chris Inabinette, an investigator with the Alabama Beverage Control Board, met with H.F., who was going to attempt to make a controlled drug buy. Inabinette searched H.F.’s person and vehicle for drugs, and found none. H.F. was provided with cash as well as video- and audio-recording equipment by which to record the transaction. H.F. telephoned Edwards, telling Edwards that he was going to come see him. Inabinette followed H.F. to Edwards’s residence and parked nearby. H.F. met with Edwards and purchased crack cocaine from him. Inabinette testified that he was familiar with Edwards and that he believed the person on the videotape as well as any audio recording was Edwards. H.F. also testified at the hearing. Bill Law, the *1265 probation officer, testified that he had previously discussed the conditions of his probation with Edwards and that violation of any federal or state laws and or the resumption of any injurious or vicious habits was among those conditions. After the hearing, the trial court issued an order revoking Edwards’s probation.
Edwards asserts the following three claims on appeal: 1) that counsel rendered ineffective assistance during the probation-revocation hearing by failing to object to the admission of the certificate of analysis prepared by the Department of Forensic Sciences that indicated that the substance tested was cocaine; 2) that the trial court’s order revoking his probation was insufficient because it did not specifically set forth what evidence it was relying upon; and 3) that the evidence was insufficient because the witnesses who testified at the hearing were biased and their testimony was hearsay.
Claims 1 and 3 are not properly before this Court. The general rules of preservation apply in probation-revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This court has recognized only three exceptions to the preservation requirement: (1) that there be an adequate written order of revocation; [1] (2) that a revocation hearing actually be held; and (3) that the trial court advise the defendant of his right to request an attorney. Smith v. State, 857 So.2d 838 (Ala.Crim.App.2002). The record reflects that Edwards failed to object in the trial court to the incidents that are the basis of claims one and three; therefore, those claims were not properly preserved for review. See e.g., Cottle v. State, 826 So.2d 212 (Ala.Crim.App.2001), and Williams v. State, 704 So.2d 1043 (Ala.Crim.App.1997). See also Ex parte Ingram, 675 So.2d 863, 866 (Ala.1996) (“When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion within the 30 days allowed by Rule 24.1(b), Ala. R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction relief.”).
Because Edwards’s claims 1 and 3 do not fall within one of the recognized exceptions to the preservation requirement and because he did not raise any objection to the sufficiency of the evidence or make an argument that counsel was ineffective, those claims were not properly preserved for appellate review.
Although Edwards did not object to the adequacy of the trial court’s written revocation order, as noted above, “the adequacy of a written order of revocation can be raised for the first time on appeal.” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
The trial court, in its order revoking Edwards’s probation, stated:
“The defendant being present with Hon. Corey Bryan, his attorney of record, the Court proceeded to hear the evidence, and finds that the defendant has violated a condition of his probation in that there is evidence believed and relied upon by the Court, upon consideration of all the proof presented, including that of witnesses Chris Inabinette[,] Heath Mallory Fountain and Bill Law, that the defendant has violated such a condition. Particularly, the Court is *1266 reasonably satisfied from the evidence that defendant did, during the term of his probation, and on 06/02/07, commit the offense of Unlawful Distribution of a Controlled Substance in or near Florala, Covington County, Alabama. The Court is of the opinion that such offense clearly breached the requirement that defendant not violate any federal, state or local law.”
(C. 23.)
“In order for the due process requirements set forth in Armstrong [v. State, 294 Ala. 100, 312 So.2d 620 (1975),] and Rule 27.6(f), Ala. R.Crim. P., to be met, the trial court’s order revoking probation must ... recite the reasons for the revocation and the evidence relied upon in ordering the revocation.” James v. State, 729 So.2d 364, 365 (Ala.Crim.App.1998). Although “general recitations by the trial court to its consideration of the ‘testimony,’ ‘sworn testimony,’ or ‘relevant and competent evidence’ presented at the revocation hearing [are] insufficient for purposes of satisfying” due-process requirements, id., where, as here, the trial court’s order specifically lists the witnesses whose testimony the trial court found credible and relied upon in revoking probation, the order adequately specifies the evidence relied upon and, therefore, satisfies Rule 27.6(f), Ala. R.Crim. P., and due process requirements. See, e.g., Coleman v. State, 777 So.2d 311 (Ala.Crim.App.2000) (statement in order that tidal court was revoking probation “based on new charges and sworn testimony of Officer Clint Reaves” was a sufficient statement of the evidence the trial court relied upon to satisfy due-process requirements); Harrelson v. State, 651 So.2d 1151 (Ala.Crim.App.1994) (statement in order that trial court was revoking probation “upon consideration of all the proof presented, including that of witnesses Bill Law [probation officer] and Mary Ann Willingham [eyewitness]” was a sufficient statement of the evidence the trial court relied upon to satisfy due-process requirements). Recently, in Phillips v. State, 10 So.3d 1088 (Ala.Crim.App.2008), this Court, in a 3-2 decision, held that the same trial judge, who wrote the order in this case and in Harrelson, supra, prepared a similar order in which it did not adequately set forth the evidence upon which it relied in revoking the appellant’s probation. However, in that case, we made no distinction between that case and prior caselaw nor did we overrule precedent in which this Court found orders in which the trial court specifically lists the witnesses whose testimony the trial court relied upon in revoking probation as sufficient in setting forth the evidence upon which it relied. To the extent that Phillips holds that probation-revocation orders that list the witnesses upon whose testimony the court has relied in revoking probation is not a sufficient statement of the evidence to satisfy due-process requirements, it is hereby overruled. Because we find the probation-revocation order here sufficient, Edwards is not entitled to any relief on this claim.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, SHAW, and WISE, JJ., concur. BASCHAB, P.J., concurs in part and concurs in the result in part, with opinion.

. In McCoo v. State, 921 So.2d 450 (Ala.2005), the Alabama Supreme Court held that the trial court's revocation order may be oral, if the oral findings are recorded or transcribed and if they clearly and unambiguously set forth the reasons for the revocation and the supporting evidence on which the court relied.