*166
On Application For Rehearing

BURKE, Judge.
On December 16, 2011, this Court issued an opinion affirming the circuit court’s acceptance of Jennifer Ann Wells’s guilty plea to two counts of the unlawful possession of a controlled substance for having possessed methamphetamine as well as morphine. Wells had reserved the right to appeal the denial of her motion to dismiss the indictment alleging that she could not be convicted of multiple counts of possession of different drugs based on a single incident. This Court held, by unanimous decision, that she could be convicted of both counts under the newly effective statute in effect at the time of her offense that determined illegal possession based on the possession of “a” controlled substance rather than the previous prohibition against the possession of “controlled substances.” See § 13A-12-212(a)(1), Ala.Code 1975, and § 20-2-70(a), Ala.Code 1975, respectively. Thus, the unit of prosecution was changed by the legislature. In so holding, this Court overruled a prior decision, [Hollaway v. State, 979 So.2d 839 (Ala.Crim.App.2007),] rendered after the statutory change, that had adhered to the prior legislative language and intent.
On rehearing, Wells argues that this Court was bound by Hollaway and that this new interpretation of the law was improperly applied retroactively to this case. However, the statutory change introduced a substantive change and therefore retroactive application was appropriate. See Ex parte Capstone Bldg. Corp., [Ms. 1090966, June 3, 2011] — So.3d —,—(Ala.2011), citing 20 Am.Jur.2d Courts § 151 (2005) (“ ‘A decision overruling a judicial precedent may be limited to prospective application where required by equity or in the interest of justice.... Some jurisdictions distinguish between decisions that overrule substantive law and those that overrule procedural law; in these jurisdictions, a decision overruling substantive law applies retroactively, while a decision overruling procedural law applies prospectively only.’ ”). * Compare Taylor v. State, [Ms. CR-05-0066, October 1, 2010] — So.3d —, — (Ala.Crim.App.2010) (“[B]ecause Ring [v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ]—announcing a procedural rule rather than a substantive rule—does not apply retroactively to postconviction cases, it does not apply to Taylor whose conviction became final before Ring was decided.”).
Regardless of the number of counts and convictions, Wells’s conduct constituted possession of a controlled substance in each instance. See also Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481, 496, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968) (“There is, of course, no reason to confront this theory unless we have before us a situation in which there was a clearly declared judicial doctrine upon which United relied and under which its conduct was lawful, a doctrine which was overruled in favor of a new rule according to which conduct performed in reliance upon the old rule would have been unlawful.”).
Moreover, this Court has the authority to overrule its own decisions. See, e.g., Ankrom v. State, [Ms. CR-09-1148, *167 August 26, 2011] — So.3d — (Ala.Crim.App.2011); Gargis v. State, 998 So.2d 1092 (Ala.Crim.App.2007); Edwards v. State, 26 So.3d 1263 (Ala.Crim.App.2008); Marshall v. State, 25 So.3d 1183 (Ala.Crim.App.2008); Shaw v. State, 949 So.2d 184 (Ala.Crim.App.2006); Ex parte Atchley, 951 So.2d 764 (Ala.Crim.App.2006). Cf. § 12-3-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328.”).
APPLICATION OVERRULED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

 Note from the reporter of decisions: On March 16, 2012, the Alabama Supreme Court withdrew the June 3, 2011, opinion in Capstone and substituted another one. See Ex parte Capstone Bldg. Corp., [Ms. 1090966, March 16, 2012] 96 So.3d 77 (Ala.2012). The first part of the quote from the June 3, 2011, Capstone opinion remains the same in the substituted opinion. 96 So.3d at 91. The part of the quote from the June 3, 2011, Capstone opinion following the ellipsis is not included in the substituted opinion.