[Crim. No. 1896.  First Appellate District, Division Two.—May 21, 1936.]

In the Matter of the Application of CHARLES C. CLAUSEN for a Writ of Habeas Corpus.

Rosendale, Scott & Thomas for Petitioner.

U. S. Webb, Attorney-General, Seibert L. Sefton, Deputy Attorney-General, and Anthony Brazil, District Attorney, for Respondent.

SPENCE, J.—Petitioner seeks his release from the county jail of Monterey County to which he was committed for sixty days.

■ On August 29, 1935, petitioner entered a plea of guilty to a charge of misdemeanor for which the maximum possible term of sentence was six months. (Pen. Code, sec. 19.) He was thereupon sentenced to the county jail for sixty days, but sentence was suspended and he was placed upon probation upon certain conditions for a period of two years. One of said conditions was the payment of certain money to the state labor commissioner. The time for the payment was extended from time to time, but petitioner failed to comply and on April 3, 1936, petitioner was committed to the county jail for the sixty-day period.

The sole contention of petitioner is that it was beyond the jurisdiction of the justice's court to suspend the execution of sentence for more than six months and that the commitment of petitioner to the county jail after the expiration of six months was invalid. In our opinion, petitioner's contention is without merit. Section 1203a of the Penal Code was added in 1933 and courts having jurisdiction over misdemeanor cases were thereby empowered "to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed two years".

Petitioner takes the position that section 1203.1 of the Penal Code, as enacted in 1935, had the effect of repealing said section 1203a, but we believe that petitioner's position is untenable. In 1933, section 1203 of the Penal Code was a long section containing several numbered subdivisions. It dealt with the general subject of probation. Subdivision 1 thereof provided, "The court, judge or justice thereof, in the order granting probation, may suspend the imposing, or the execution of sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, *except as hereinafter set forth,* and upon such terms and conditions as it shall determine". (Italics ours.) When said section 1203a was added in 1933, an exception was thereby made with respect to courts having jurisdiction over misdemeanor cases and said courts were permitted to suspend the execution of sentence for a period not to exceed two years even though the maximum possible term of sentence was less than two

years. In 1935, section 1203, as it existed prior thereto, was recast and broken up into sections numbered 1203, 1203.1, 1203.2 and so forth. (Stats. 1935, chap. 604.) Section 1203.1 as enacted in 1935, reads precisely the same as did subdivision 1 of section 1203 prior to the effective date of said section 1203.1. Section 1203a, as enacted in 1933, was not expressly repealed in 1935 and there is no justification for the claim that it was repealed by implication by the enactment of section 1203.1. ▪ Repeals by implication are not favored (23 Cal. Jur. 694), and are only found to exist where "it becomes apparent that the legislature did not intend the former act to remain in force". (23 Cal. Jur. 691.) No such intent is apparent here. As we view the legislative history of these sections, section 1203a, when enacted in 1933, became one of the exceptions "hereinafter set forth" as provided in subdivision 1 of section 1203 as it read in 1933, and said section 1203a now remains one of the exceptions "hereinafter set forth" as provided in section 1203.1. In other words, section 1203a still follows after the general provisions above set forth despite the transfer of said general provisions from subdivision 1 of section 1203 to section 1203.1. This view finds support in the editorial practice adopted with respect to such section numbering and lettering. (See Statutory Record and Supplement to Index to Laws of California 1932, pp. 826 and 827; Deering's Pol. Code 1931, vol. II, pp. 1404 and 1426.)

The writ is discharged and the petitioner is remanded to custody.

Nourse, P. J., and Sturtevant, J., concurred.