BLACKSTOCK, P. J.
 

 On the 19th day of January, 1956, in the Municipal Court of Oxnard-Port Hueneme Municipal District of Ventura County, California, the respondent (defendant in the court below) was convicted of violation of the California Vehicle Code, section 560, subdivision (a).
 

 Whereupon, the court pronounced judgment as follows:
 

 “The Court orders that defendant is sentenced to pay a fine of ten ($10.00) dollars and in case all of said fine is not paid forthwith, defendant is to be imprisoned in the Oxnard City Jail for one day for each $5.00 of the fine not paid until the fine is satisfied in full.
 

 “Whereby all of said sentence is hereby suspended.”
 

 The People appeal “to the Superior Court of the State of California in and for the County of Ventura,
 
 from the order suspending the execution of the judgment
 
 rendered by said Municipal Court on January 19th, 1956, . . . which said order was rendered subsequent to the pronouncement of said judgment on said date.” (Emphasis ours.)
 

 The respondent argues that the People waived the right to appeal at the time the order ■ appealed from was made, but we do not agree with respondent in this respect.
 

 
 *Supp. 964
 
 The appellant contends on appeal, “that the order either places said defendant upon probation or is void, and if the effect of the order is to place said defendant upon probation then the order, while not void, is nevertheless erroneous because the trial court failed to follow the statutory procedure to place the defendant upon probation in the following respects : It did not (1) set the term of the probationary period, (2) impose and require conditions of probation, (3) require said defendant to report to the court or to the probation officer during the period of term of his probation, (4) require that the fingerprints of said defendant be taken, (5) furnish defendant with probation papers, and (6) inform defendant of his rights under Section 1203.4 of the Penal Code.”
 

 We think the appellant has misconceived the law applicable to this case.
 

 It is conceded on all sides that the municipal court judge merely pronounced judgment as above set forth and said nothing whatever about probation. But there is no question in our minds but that the effect of the order as made by the municipal court was to place the defendant on summary probation. Section 1203b of the Penal Code is as follows:
 

 “All courts having jurisdiction to impose punishment
 
 in misdemeanor cases
 
 shall have the power to grant probation summarily
 
 in misdemeanor cases
 
 without referring such cases to the probation officer.” (Emphasis ours.)
 

 This section became effective February 4, 1941.
 

 It is provided in effect by section 1203a, Penal Code, that any court having jurisdiction to impose punishment in misdemeanor cases shall have the power to suspend the imposing or the execution of the sentence.
 

 Section 1203a, Penal Code, was not repealed by section 1203.1 of the same code and remains one of the exceptions provided in the latter section.
 
 In re
 
 Clausen, 14 Cal.App.2d 246, 247 [57 P.2d 1353].
 

 We have carefully read the briefs of both the appellant and respondent and examined all of the cases cited by either side and we have made some considerable independent research, but we are not convinced that there is any merit in this appeal.
 

 In our opinion, Penal Code, sections 1203 to and including section 1203.4, justify us in holding that it cannot be held that an order of probation omitting any expressed conditions or terms of the probation for that reason lacks
 
 *Supp. 965
 
 any of the essential elements of a valid and legal order.
 
 People
 
 v.
 
 Lippner,
 
 219 Cal. 395, 399 [26 P.2d 457],
 

 We believe that the Penal Code sections above referred to are implied provisions of probation.
 
 People
 
 v.
 
 Lippner, supra.
 

 The cases implying probation from an order, “sentence suspended” hold that the implied term was for the maximum possible term of imprisonment. See
 
 In re Giannini,
 
 18 Cal.App. 166 at p. 169 [122 P. 831];
 
 In re Herron,
 
 217 Cal. 400 at p. 405 [19 P.2d 4];
 
 People
 
 v.
 
 Wallach,
 
 8 Cal.App.2d 129 at p. 132 [47 P.2d 1071].
 

 Since the rendition of the opinions in the cases above cited there have been statute changes. However, we believe that the maximum period of probation provided by the Penal Code sections where the present law is found, sections 1203.1 and 1203a, is still the full term for which the defendant could be sentenced to imprisonment. This is so despite the fact that the judge, by specific action on his part, could continue the period of probation for three years, even though this was beyond the maximum period of sentence. Penal Code, section 1203.1, provides in part that “the judge may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, . . . .” Section 1203a, which has been held under proper syntax to be one of the exceptions indicated in section 1203.1
 
 (In re Clausen,
 
 14 Cal.App.2d 246 [57 P.2d 1353]) provides that any court having jurisdiction to impose punishment in misdemeanor cases “shall have the power to suspend the imposing or the execution of the sentence and to make and enforce the terms of probation for a period not to exceed three years. . . .” However, it is logical to construe the wording above quoted to mean that a continuance of the probation beyond the period otherwise limited to the maximum time of sentence is dependent upon an actual exercise of the “power” to do so given by the code section. Such specific action is lacking where the court grants probation by simply suspending the sentence.
 

 Another essential part of probation is a standard of conduct which the probationer is required to follow as a condition of his grant of probation. The necessary implication of such a standard is made from some of the provisions of section 1203.2
 
 (People
 
 v.
 
 Lippner,
 
 219 Cal. 395 [26 P.2d
 
 *Supp. 966
 
 457]). This section gives the court granting probation the right to revoke it “if the court . . . shall have reason to believe . . . that the person so placed on probation ... is engaging in criminal practices, or has become abandoned to improper associates or a vicious life.” Clearly, it is to be implied from this wording that one of the conditions of the granting of probation is that the probationer
 
 not
 
 engage in criminal practices or abandon himself to improper associates or a vicious life.
 

 As indicated above, we feel that these implied provisions, of a period of probation and a standard of conduct make the granting of probation by suspended sentence valid and free from fatal uncertainty. We also believe that the reference by the relevant Penal Code sections to other factors which would ordinarily be considered and acted upon by the judge such as directions for the time and frequency of reporting to a probation officer or court, provision for fingerprinting, presentment of probation papers, explanation of terms and conditions and rights upon successful completion is directory only and the carrying out of those acts is not essential to make the probation valid.
 

 Of course, the court should know that the simple suspension of a sentence amounts to granting probation with implied terms and conditions.
 

 We are convinced that it would be good practice for the trial court to at least advise the probationer that he is on probation and to tell him whether or not reports are required and if so the frequency and nature thereof.
 

 While the presiding judge of the appellate department has put this opinion in its final form it is really the collaborative efforts of all three judges.
 

 Notwithstanding what we have said in this opinion we do not wish to be understood to have approved the wholesale and indiscriminate suspension of sentences.
 

 The order is affirmed.
 

 Reppy, J., and Churchill, J., concurred.