261 So.2d 72

**Jackie MORROW**

**v.**

**STATE.**

**8 Div. 143.**

Court of Criminal Appeals of Alabama.

April 11, 1972.

Barnett, Tingle & Noble, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from an order revoking probation.

November 18, 1968, appellant was convicted upon his plea of guilty, of the offense of buying, receiving, concealing, stolen property, etc. His punishment was assessed at confinement in the penitentiary for a term of eighteen months. Execution of sentence was suspended by the court and appellant was placed on probation upon certain terms and conditions, among them being that he violate no city ordinance, or the laws of this state or any other state, or of the United States.

A delinquency report having been made to the court by the probation officer, an order was entered by the court, after a hearing, finding that appellant had violated the terms and conditions of probation and ordering the same revoked.

The record contains the testimony adduced upon the hearing to revoke probation. Officer Phillip Weir testified that on June 10, 1970, he bought from appellant fourteen and a half tablets which appellant told him was dilaudid, and ten or twelve capsules of oberdrin. He paid appellant $65.00, $50.00 for the tablets and $15.00 for the capsules. He was informed by a state toxicologist, Dr. Van Pruitt, that the capsules were amphetamines called oberdrin, but that the tablets were saccharin.

On July 3, 1970, Officer Weir bought a bag of substance appellant said was marijuana and ten tablets he said were LSD.

He paid appellant $60.00 for this "batch," $20.00 for the marijuana and $40.00 for the acid or LSD. He stated, over objection, that the toxicologist told him these items were marijuana and LSD.

Officer Weir testified he was present when the toxicologist analyzed the saccharin tablets but was not present when the other substances were tested; that to his own knowledge he could not say what their contents were; that he had never read a report from the toxicologist on the alleged narcotic drugs.

Appellant testified that since he was placed on probation he had not been arrested for anything other than the charge placed against him by Officer Weir. He stated that he was not present on the June occasion when the alleged sale of the drugs took place; that he was present in the apartment when the July 3rd sale was made, but he did not sell any marijuana or LSD; that he had had a prior difficulty with Mr. Otten, who was the companion of Officer Weir, and in whose apartment the alleged July 3rd transaction occurred. The difficulty had occurred at a club where Mr.

Otten's sister was a dancer and that both he and Otten were arrested. ·

The assignments of error and the argument in brief are based upon the theory that appellant's probation was revoked upon hearsay testimony as to the findings of the state toxicologist; which was clearly illegal and inadmissible and was introduced over his objection.

■ The rule against "hearsay" evidence, that a witness can testify only to facts within his personal knowledge and not to what somebody else told him, is founded on the necessity of opportunity for cross examination. Bliley v. State, 42 Ala.App. 261, 160 So.2d 507.

■ Because the essential right of cross examination is absent, "hearsay testimony" is not proof of the truth of what is claimed to have been said.

■ However, the truth of what was said by the toxicologist as to the content of the substances allegedly sold by appellant to the policeman is not a material issue in the case. The appellant was not on trial for possession or sale of contraband drugs, but was charged with failure to comply with the terms of his probation. If by fraud and deceit the appellant obtained money from the officer, knowing at the time his representations were not true, he violated the law regardless of the actual narcotic content of the items.

Affirmed. ·

CATES, ALMON and TYSON, JJ., concur.