BOWEN, Judge.
This is an appeal from a revocation of probation. Compliance with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), is not questioned.
Berry argues that the trial judge incorrectly considered conduct which did not relate to the specific charges of “failure to report—absconding supervision” and “failure to pay supervision fees.” At trial, defense counsel objected to everything outside of these allegations and charges.
This “extrinsic evidence” of other conduct was material and relevant to the specific charges against Berry. The trial judge stated the significance of the prejudicial but legal information.
“THE COURT: Mr. Berry, it seems that you didn’t like to report to Mrs. Moody because your past was catching up with you. It wasn’t her fault that you had these things—these traffic charges and these aliases against you. The things that you have done, you never wanted to face them.”
* * * * * *
“The point that I was saying, again, is that Mr. Berry didn’t want to report, he stopped reporting on his own because he didn’t like to have to face up to his past.”
A proceeding to revoke probation is not a criminal prosecution and the court is not bound by strict rules of evidence. Armstrong, supra, although hearsay information may not be used to furnish the sole basis of the revocation. Hill v. State, 350 So.2d 716 (Ala.Cr.App.1977); Morrow v. State, 47 Ala.App. 734, 261 So.2d 72 (1972).
The record contains substantial and reasonable evidence that Berry violated the terms of his probation. There is no evidence to support Berry’s allegation that the trial judge abused his discretion in revoking probation and failed to consider any alleged “mitigating factors”.
The judgment of the district court revoking Berry’s probation is affirmed.
AFFIRMED.
All Judges concur.