Appellant Gary Moore appeals to this court from an order of the circuit court revoking his probation. On May 10, 1984, appellant entered a plea of guilty to a charge of assault in the third degree and was placed on probation for a period of twelve months.
On January 7, 1985, appellant Moore was arrested in Huntsville, Alabama, and charged with driving under the influence of alcohol. He was convicted of the charge in municipal court and failed to appear in circuit court on the date set for the de novo trial of his appeal. Appellant's probation officer filed a delinquency report requesting that the circuit court review appellant's probation status. The circuit judge ordered appellant's probation revoked, and this appeal followed.
Appellant contends that the act of driving under the influence of alcohol and a conviction for that offense do not violate any condition of his probation. In the alternative, appellant argues that if driving under the influence of alcohol is a violation of his probation, he was not aware of this condition. Therefore, he reasons, it would be manifestly unjust to revoke his probation based on that conviction.
The facts are undisputed. Mr. Moore was placed on probation for a period of twelve months by the circuit court:
 "under the usual conditions of probation and under the additional condition that he have no contact with the victim or members of his family."
As stated, he, while on probation, was arrested and convicted of driving under the influence of alcohol.
Is driving under the influence of alcohol violative of a usual or implied condition of probation? Beyond any expressed condition of probation there exists the implied condition that the probationer live and remain at liberty without violating the law. Ellard v. State, 474 So.2d 743 (Ala.Cr.App.), affirmed, 474 So.2d 758 (Ala. 1985); see also, People v. Rye, 140 Cal.App.2d Supp. 962, 296 P.2d 126 (1956). The commission or conviction of a crime is usually grounds for the revocation of probation. 24 C.J.S. Criminal Law, § 1572 (2) (1961). The term "probation" connotes that the probationer's relief from the penalty of imprisonment is conditional on good behavior. 24 C.J.S. Criminal Law § 1752 (2) (1961). The Supreme Court of Alabama held in Wilcox v. State, 395 So.2d 1054, 1056 (Ala. 1981):
 "[A] condition implicit in every suspended or probationary sentence [is] that defendant, while under such sentence, will not commit another criminal offense."
There is persuasive authority that DUI supports a probation revocation. In Hayes v. State, 497 P.2d 1093 (Okla.Cr.App. 1972), the Oklahoma Court of Criminal Appeals held that a conviction for driving under the influence of alcohol breached the "good behavior" condition of probation. To the same effect is Harmon v. State, 423 S.W.2d 317 (Tex. 1968).
Driving under the influence of alcohol is a class A misdemeanor. Abiding by the law is an implied condition of every probationary sentence. We hold, therefore, that the commission of or conviction for such an act violates an implicit condition of probation. *Page 200 
Appellant argues, in the alternative, that should we hold driving under the influence of alcohol to be violative of any condition of probation, it would be improper to sustain the revocation, as appellant was not made aware of that condition. We disagree. A condition of probation that a person must not violate the law or commit additional crimes is fundamental. A convicted offender who does not understand that he must live within the law should not be or remain on probation. See,Wilcox, supra, at 1057.
This is not to say that every misdemeanor offense or violation would constitute grounds justifying revocation of probation. We are satisfied, however, that driving under the influence of alcohol or drugs will support a circuit court decision to revoke probation for failure to obey the implicit rules governing probation.
For the foregoing reasons, the order of the circuit court is affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., who concurs in result only.