515 So.2d 79 (1987)
Zonnie H. WEAVER
v.
STATE.
1 Div. 400.
Court of Criminal Appeals of Alabama.
March 10, 1987.
Rehearing Denied April 14, 1987.
Certiorari Denied July 31, 1987.
On Return to Remand September 8, 1987.
*80 Barbara A. Brown, Mobile, for appellant.
Don Siegelman, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 86-976.
PATTERSON, Judge.
This is an appeal from a revocation of probation. On December 10, 1984, appellant, Zonnie H. Weaver, was convicted of burglary in the third degree and sentenced to ten years in the penitentiary. The sentence was suspended, and appellant was placed on probation for a period of five years. The probationary period was to expire December 9, 1989. On September 19, 1986, probation was revoked after the circuit court found that, since being placed on probation, appellant had failed to obey a special condition of his probation and had become involved in the commission of another felony. The special condition was that appellant stay out of Mobile County unless he had permission from his probation officer to be in the county.
On appeal, appellant contends that the trial court erred in revoking his probation by denying him minimal due process of law. He principally relies on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
The motion to revoke probation filed by the State alleges that appellant failed to obey a special condition that he stay out of Mobile County unless he had permission to enter it and that he had a new charge of possession of a forged instrument in the second degree. At the hearing, Richard Cotton, an employee of Eckerd Drugs in Eight Mile, Mobile County, Alabama, testified that in June 1986, a Rita Gardner tried to pass a stolen check at the drug store. She became apprehensive when there was a delay in cashing the check and left the store. Cotton followed her. He observed her approach appellant, who was in a pickup truck in the parking lot; say something to him; and continue on. Cotton asked appellant if the lady was with him, and he said, "No." Cotton overtook Gardner and while he was trying to persuade her to return to the store, appellant came by in the truck. Gardner jumped in the back of the truck, and they sped away. Cotton later identified appellant from a photographic lineup and also positively identified him at the hearing as the person driving the truck. He also positively identified Gardner from a photographic spread. Roy K. Price of the Mobile County Sheriff's Department gave testimony concerning the photographic lineup and the stolen check. Robert Glenn Wiley, Jr., the Mobile County *81 probation and parole officer, testified that a condition of probation had been placed upon appellant, mandating that he not come to Mobile County without permission, and that he did not have permission to be in the county on the day of the incident at Eckerd Drugs. At the time of the revocation hearing, the county grand jury had apparently not returned indictments in the cases involving the check.
Appellant did not testify at the hearing and offered no evidence.
The circuit judge's order revoking probation stated, in pertinent part, the following:
"The State having filed a Motion to Revoke Probation ... and the Defendant appearing in person and represented by counsel, the Court makes the following finding of facts:
"1. The Defendant was placed on probation on December 10, 1984.
"2. Said probation contained a special condition that the Defendant stay out of Mobile County, Alabama, unless he had permission from the probation officer to be in said county.
"3. The Defendant failed to obey the special condition by being in Mobile County, Alabama without his probation officer's permission on June 19, 1986.
"4. The Defendant was also involved in the commission of another felony while on probation.
"It is therefore ORDERED, ADJUDGED and DECREED that the Defendant's probationary time be hereby REVOKED and the Defendant be remanded to the custody of the Department of Corrections."
Appellant argues that he was deprived of his right to confront and cross-examine adverse witnesses and that the State failed to present sufficient evidence to support the trial court's finding that a condition of probation had been breached. We find no merit to these contentions.
Appellant argues that the trial court improperly revoked his probation on the hearsay testimony of the Mobile County probation officer, Wiley. Wiley testified that he transferred probation supervision of appellant to the probation officer of Washington and Clarke counties and that it was only after appellant was arrested in the check incident that appellant's file was transferred back to Mobile County. Wiley testified that appellant was instructed to stay out of Mobile County, as a condition of probation, unless he had his permission, or the permission of the Clarke and Washington Counties probation officer, to come into the county. Wiley testified that appellant did not have his permission to be in the county on the date of the check incident, June 10, 1986, and that he had been advised by the Clarke and Washington Counties probation officer, Joe Franklin, that he (Franklin) had not given such permission. Appellant contends that the admission of the hearsay testimony of Wiley, that Franklin had advised him that he had not given appellant permission to be in Mobile County, denied appellant the right to confront and cross-examine Franklin as to whether or not he had given appellant permission to be in Mobile County. He argues that appellant's probation was revoked solely on the basis of this hearsay evidence. We do not agree.
A proceeding to revoke probation is not a criminal prosecution, and the court is not bound by strict rules of evidence; however, hearsay information may not be used to furnish the sole basis of the revocation. Mitchell v. State, 462 So.2d 740 (Ala. Cr.App.1984), cert. denied, 462 So.2d 740 (Ala.1985); Berry v. State, 417 So.2d 609 (Ala.Cr.App.1982). It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence; rather, the lower court need only be reasonably satisfied from the evidence that the probationer has violated the condition of his probation. Mitchell v. State; Armstrong v. State. It is apparent from the record in the instant case that the hearsay testimony complained of was not the sole evidence before the court to support its finding that appellant had violated the condition of his probation by coming to Mobile County without permission.
In reference to the trial court's finding that appellant was involved in the commission of another felony, we point out *82 that it is not necessary that a probationer be convicted of the charged offense before his probation is revoked. Mitchell v. State. However, the decision to revoke should be based upon appellant's conduct and not upon an accusation only. Hill v. State, 350 So.2d 716 (Ala.Cr.App.1977). We also point out that beyond any expressed condition of probation, there exists the implied condition that the probationer live and remain at liberty without violating the law. Moore v. State, 494 So.2d 198 (Ala.Cr.App.1986); Ellard v. State, 474 So.2d 743 (Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala.1985).
After carefully examining the legal evidence presented at appellant's hearing, we conclude that it was sufficient to support the finding that appellant violated the condition that he stay out of Mobile County unless given permission to enter it, and further that it was sufficient to support the finding that appellant was involved in the commission of another felony while on probation. The conduct of appellant at the time of the incident at Eckerd Drugs in Eight Mile is such that a reasonable inference may be drawn therefrom that he was an accomplice in the possession of a forged instrument and an attempt to negotiate it.
Finally, appellant argues that the trial court's order revoking probation does not contain a written statement by the court of the evidence relied on as required by Armstrong v. State. We find merit to this contention. Armstrong v. State requires, in probation revocation proceedings, a written statement by the judge setting forth the evidence relied on and the reasons for revoking probation. See Mathis v. State, 477 So.2d 520 (Ala.Cr.App.1985); Cryar v. State, 477 So.2d 506 (Ala.Cr.App. 1985). The trial court's order in the instant case is deficient, for it does not contain a written statement of the evidence relied on to support the reasons given for revocation. The State concedes this in brief. We, therefore, remand this cause to the circuit court with directions that the court satisfy the deficiency of its written order of revocation, and make due return to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.

On Return to Remand
PATTERSON, Judge.
We remanded this case to the trial court with directions that it make a finding of the evidence relied on in revoking Weaver's probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The trial court has complied with our instructions and made due return. The court's amended order, setting out the evidence relied upon in revoking probation, meets the requirements of Armstrong. The judgment of the lower court revoking Weaver's probation is, therefore, due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.