This cause was remanded for the trial court to hold a probation revocation hearing which complies with the guidelines set forth in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1983), and applied by the Alabama Supreme Court in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
A review of the record indicates that the appellant was represented by counsel at this hearing. There is no dispute to the fact that the appellant violated his probation *Page 185 
conditions by being in possession of marijuana.
The trial court has aptly complied with all due process requirements for this hearing, and it acted properly in revoking the appellant's probation. See Weaver v. State,515 So.2d 79 (Ala.Cr.App. 1987).
Therefore, the judgment of the trial court revoking the appellant's probation is due to be, and it hereby is, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.