COBB, Judge.
Demetrius Rundell Grace appeals from the revocation of his probation. On April 21, 1997, Grace pleaded guilty to, and was convicted of, assault in the first degree; he was sentenced to 10 years’ imprisonment. This sentence was suspended, and Grace was placed on five years’ supervised probation. (C.R.l.) On January 30, 1998, Grace’s probation officer filed with the trial court a delinquency report stating that, on January 28, 1998, Grace had been arrested for the unlawful possession of cocaine, and recommending that Grace’s probation be revoked. (C.R.4-5.)
At a probation revocation hearing, the trial court heard evidence that Grace had been arrested for possession of cocaine on January 28, 1998. Officer Antonio Gonzales testified that he and his partners were informed that someone was selling crack cocaine in front of 818 McKay Street in Dothan. (R.T. 4,7.) Officer Gonzales said that within three minutes of receiving that information, he saw Grace outside that address. Officer Gonzales identified himself as a police officer and ordered Grace to halt. Grace ran inside the residence; Officer Gonzales pursued him. Officer Gonzales further testified that when he captured Grace inside the residence, Grace threw onto the floor a piece of crack cocaine, which Officer Gonzales recovered. (R.T. 5.)
Following the hearing, the trial court revoked Grace’s probation. Grace now appeals.
I.
Grace contends that he was not given adequate and timely notice of the alleged violations of his probation. Rule 27.4, Ala. R.Crim.P., requires that the probationer be provided with a written copy of the alleged probation violation. There is no specific time requirement for notice, only that it must be served well enough in advance so that the defendant has a reasonable opportunity to prepare. Young v. State, 552 So.2d 879, 883 (Ala.Cr.App.1989).
However, Grace first raised this issue in a post-trial motion. (C.R.21.) As this Court aptly responded to a similar claim in Eastland v. State, 677 So.2d 1275, 1276 (Ala.Cr.App.1996):
“[T]he appellant has waived appellate review of this issue because it was not raised before or during the probation revocation hearing. Furthermore, the appellant appeared at the revocation hearing and presented a defense to the charges. There is no indication in the record that he was unaware of the charges or that he was unprepared to offer a defense.”
(Emphasis original.)
Moreover, the record shows that on February 5,1998, Grace and his counsel were sent a copy of the order of initial appearance; that order stated the alleged probation violation—cocaine possession. (C.R.8.) Because Grace’s counsel did not move for a continuance, we must assume that he had adequate time to prepare. See James v. State, 686 So.2d 1290, 1294 (Ala.Cr.App.1996). Grace makes no showing that he was prejudiced. There was no reversible error.
II.
Grace contends that the trial court did not have sufficient evidence upon which to revoke his probation. Grace argues that the trial court revoked his probation merely because he had been arrested. ■ He argues that this is an insufficient factual basis upon which to revoke his probation.
However, this issue is procedurally barred from our review. See Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App.1992). Grace’s post-trial motion alleges that the trial court’s revocation of his probation was in error because, he says, there was lack of probable cause for his arrest for possession of cocaine. On appeal, Grace argues that the trial court based the revocation solely on the fact that Grace had been arrested. “[T]he statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not specified at trial.” Click v. State, 695 So.2d 209, 224 (Ala.Cr.App.1996).
Even if this issue were preserved, we would not find in Grace’s favor. Grace *884 correctly asserts that a defendant’s probation cannot be revoked merely because of an arrest or merely based on hearsay evidence. Hernandez v. State, 673 So.2d 475, 476 (Ala.Cr.App.1995); Weaver v. State, 515 So.2d 79, 81 (Ala.Cr.App.1987); Mitchell v. State, 462 So.2d 740 (Ala.Cr.App.1984). Here, however, the trial court did not base its decision to revoke Grace’s probation on a mere accusation, but, rather, on substantial evidence of probation violations as established at a full evidentiary hearing. See Weaver v. State, 515 So.2d 79 (Ala.Cr.App.1987). The trial court need only be “reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.” Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 623 (1975). “ ‘Only a gross abuse of discretion will justify the reviewing court in disturbing the trial court’s conclusions.’ ” Moore v. State, 432 So.2d 552, 553 (Ala.Cr.App.1983), quoting Wright v. State, 349 So.2d 124, 125 (Ala.Cr.App.1977). The testimony of Officer Gonzales provided sufficient substantive evidence to establish that Grace had violated § 13A-12-212, Ala.Code 1975 (unlawful possession of cocaine), and thereby had violated the terms of his probation.
III.
Grace contends that the circuit court’s order revoking his probation fails to meet the requirements of Rule 27.6(f), Ala. R.Crim.P., which states that “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reason for revoking probation.”[1] We agree. The circuit court’s order merely states the following:
“Upon hearing, the Court finds that there is substantial evidence that Defendant has committed the new offense of possession of cocaine, and his probation is therefore revoked.”
(C.R.2,12.)
“In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.” Trice v. State, 707 So.2d 294, 295 (Ala.Cr.App.1997). “These requirements offer the probationer some protection from an abuse of discretion by the trial court, aids an appellate court in reviewing a revocation, and prevents future revocations based on the same conduct.” T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).
The trial court’s order in this case, while stating the trial court’s reason for revoking Grace’s probation, fails to state the evidence the court relied upon in reaching its decision. Therefore, this cause is due to be remanded. The trial court is instructed to file a written statement of the evidence relied upon in revoking Grace’s probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.

. “The adequacy of a written order and the failure to hold a revocation hearing may be raised even if there was no objection on these grounds at trial.” Trice v. State, 707 So.2d 294, 295 (Ala.Cr.App.1997).