BASCHAB, Judge.
On May 17, 2002, the appellant, Nicholas Deandra McKinnon, pled guilty as a youthful offender based on two counts of first-degree robbery. The trial court sentenced him to serve concurrent terms of three years in prison, but split his sentences and ordered him to serve one year in prison followed by three years on probation. On January 24, 2003, the State filed a motion to revoke the appellant’s probation. After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
I.
The appellant argues that the circuit court could not revoke his probation before his probationary period began because he “was never given any rules or conditions of probation, either verbally or in writing, by either the Court or the probation officer.” (Appellant’s brief at p. 9.)
“[B]eyond any expressed condition of probation, there exists the implied condition that the probationer live and remain at liberty without violating the law. Moore v. State, 494 So.2d 198 (Ala.Cr.App.1986); Ellard v. State, 474 So.2d 743 (Ala.Cr.App.1984), aff'd, 474 So.2d 758 (Ala.1985).”
Weaver v. State, 515 So.2d 79, 82 (Ala.Crim.App.1987).
The circuit court revoked the appellant’s probation because he had been found in contempt of court during the trial *255 of a codefendant. The record does not specifically state whether the appellant was held in civil or criminal contempt of court. However, the Committee Comments to Rule 33.1, Ala. R.Crim. P., state, in pertinent part:
“Rule 33 applies both to civil contempt proceedings and to criminal contempt proceedings, so long as the proceedings arise out of criminal cases. The general distinction between civil and criminal contempt is the purpose for which the punishment is imposed. Where the punishment operates prospectively, i.e., to coerce compliance with a lawful order of the court, the contempt is civil. The person being punished holds the keys to the jail and can gain release at any time by complying with the order. See Shillitani v. United States, 384 U.S. 364 (1966). On the other hand, a criminal contempt proceeding is intended to punish for accomplished, not contemplated or ongoing, conduct, e.g., a willful failure to comply with lawful orders of the court. Its purpose is to vindicate the dignity of the court. Criminal contempt is a criminal offense for ivhich a specific punishment is meted out, over which the defendant has no control. See United States v. Barnett, 376 U.S. 681 (1964).”
(Emphasis added.) During the revocation hearing, the appellant admitted that he had been sentenced to serve seven days in lockdown as a result of being found in contempt of court. Therefore, it appears that the appellant was guilty of a criminal contempt. “[C]riminal contempt is classified as a violation for purposes of the criminal Code because imprisonment may not exceed 30 days.” Johnson v. State, 675 So.2d 512, 513 (Ala.Crim.App.1995). A violation is “[a]n offense for which a sentence to a term of imprisonment not in excess of 30 days may be imposed.” § 13A-1-2(16), Ala.Code 1975. Because the appellant’s contempt was a violation of the criminal Code, by being found in contempt he violated an implied term of his probation, i.e., that he remain at liberty without violating any law. Accordingly, the appellant’s argument is without merit.
II.
The appellant also argues that the circuit court abused its discretion in finding that his contemptuous conduct justified revoking his probation.[1] During the revocation hearing, the State presented evidence indicating that, after the appellant had been placed on probation, he testified in the case of one of his codefen-dants, Johnny Grace; that, on January 21, 2003, the appellant was subpoenaed to testify in the case of another codefendant, Kevin Allen McKinnon; that the appellant refused to testify in that proceeding and stated that he was invoking his Fifth Amendment rights; that the trial court in that case held the appellant in contempt of court, but the appellant still refused to testify; and that the appellant was slouching, was chewing gum, showed disrespect to the trial court in that case, and did not cooperate with the trial court. The appellant admitted that he had been found to be in contempt of court in that case and that he had been sentenced to serve seven days in lockdown. Therefore, there was sufficient evidence to reasonably satisfy the circuit court that the appellant had violated the terms and conditions of his probation by committing the new offense of *256 contempt of court. Accordingly, the appellant’s argument is without merit.
For the above-stated reasons, we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.

. To the extent the appellant may challenge the sufficiency of the evidence to support his finding of contempt, this appeal is not the appropriate proceeding for raising such a challenge.