PER CURIAM.
 

 The appellant, Christopher Ross Wank, appeals the revocation of his probation. In 2002, Wank pleaded guilty to man
 
 *973
 
 slaughter and was sentenced to 20 years in prison. The sentence was split, and Wank was ordered to serve five years in prison followed by five years on probation. In October 2008, revocation proceedings were initiated in the circuit court. A probation-revocation hearing was held on November 6, 2008, and Wank’s probation was revoked. Wank filed a notice of appeal on December 26, 2008. Because the notice of appeal was untimely, we requested that Wank respond as to why the appeal should not be dismissed. Wank asserted that he had filed two timely postjudgment motions in the circuit court and that the filing of these motions operated to toll the time for filing the notice of appeal.
 

 Wank contends that Rule 24.1, Ala. R.Crim. P., applies to probation-revocation proceedings and that his postjudgment motions should be treated as motions for a new trial under Rule 24.1, Ala. R.Crim. P. A timely filed motion for a new trial extends the jurisdiction of the trial court and tolls the time for filing a notice of appeal. See Rule 24.4, Ala. R.Crim. P., and Rule 4(b)(1), Ala. RApp. P.
 

 Rule 24.1(a), Ala. R.Crim. P., states:
 
 “When the defendant has been sentenced,
 
 the court, on motion of the defendant or on its own motion, may order a new trial.” (Emphasis added.) A probation-revocation proceeding is not a sentencing hearing. See
 
 Ex parte Soule,
 
 892 So.2d 879 n. 1 (Ala.2004). According to the rule concerning probation-revocation proceedings, Rule 27.6, Ala.R.Crim.P., the trial court may only “revoke, modify, or continue probation.” A probation revocation is akin to a postconviction proceeding — it is a proceeding that occurs after conviction has been had and sentence imposed.
 

 In
 
 Loggins v. State,
 
 910 So.2d 146 (Ala.Crim.App.2005), we addressed the effect of a postjudgment motion on a postconviction proceeding and stated:
 

 “It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered. See, e.g.,
 
 Ex parte Bishop,
 
 883 So.2d 262, 264 (Ala.Crim.App.2003) (‘According to established precedent, a trial court retains jurisdiction to modify a ruling for 30 days.’). This general rule applies to Rule 32 petitions. See
 
 Henderson v. State,
 
 933 So.2d 395 (Ala.Crim.App.2004). A motion for a new trial or a motion in arrest of judgment may be filed within 30 days of the date of sentencing, see Rule 24.1(b) and Rule 24.2(b), Ala.R.Crim.P., in which case, the sentencing court retains jurisdiction to rule on the motion beyond 30 days, see Rule 24.4, Ala. R.Crim. P., and the filing of such a motion tolls the time for filing a notice of appeal. See Rule 4(b)(1), Ala.R.App.P. (Tf a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion.’). However, Rule 24 has no application to postconviction proceedings under Rule 32. See
 
 Patterson v. State,
 
 549 So.2d 635, 636 (Ala.Crim.App.1989) (‘The language of [Rule 24] clearly does not contemplate the filing of a motion for new trial after the denial of a Rule 20 [now Rule 32] petition.’).”
 

 910 So.2d at 148-49.
 

 The same is true for probation-revocation proceedings. There is no rule that allows for a postjudgment motion in a probation-revocation proceeding. Thus, the circuit court had jurisdiction to modify its judgment for 30 days. See
 
 Ex parte Bishop,
 
 883 So.2d 262, 264 (Ala.Crim.App.2003). Also, Wank had 42 days from the
 
 *974
 
 date his probation was revoked to file a notice of appeal. As stated above, Wank’s probation was revoked on November 6, 2008, and his notice of appeal was filed on December 26, 2008. Wank’s notice of appeal was not timely filed. Moreover, this Court has no jurisdiction to extend the time for filing a notice of appeal. See Rule 2(a)(1), Ala. R.App. P. “Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed.” Woods v.
 
 State,
 
 371 So.2d 944, 945 (Ala.1979).
 

 For the foregoing reasons, we dismiss this appeal.
 

 APPEAL DISMISSED.
 

 WISE, P.J, and WELCH, WINDOM, and KELLUM, JJ., concur.