KELLUM, Judge.
 

 The appellant, Anthony Dowdle, appeals from the circuit court’s revocation of his probation. The record indicates that on April 5, 2004, Dowdle pleaded guilty to one count of stalking, a violation of § 13A-6-90, Ala.Code 1975. He was sentenced to 10 years’ imprisonment; that sentence was split and he was ordered to serve 18 months, followed by 5 years’ supervised probation.
 

 On May 24, 2006, a warrant was issued for Dowdle’s arrest on a new charge of stalking. Dowdle was ordered to appear before the circuit court to show cause why his probation should not be revoked. However, it was not until March 31, 2008, that Dowdle was taken into custody as a result of the May 24, 2006, warrant. A probation-revocation hearing was held on June 19, 2008. A transcript of that hearing is not contained in the record on appeal.
 
 [1]
 
 Following that hearing, the circuit court entered an order on the case-action-summary sheet revoking Dowdle’s probation and reinstating Dowdle’s original 10-year sentence. In its order, the circuit court, in pertinent part, stated:
 

 “The defendant having been advised in writing of the alleged violation of the
 
 *548
 
 terms of his probation was brought before the court, with counsel present, for a hearing on these allegations.
 

 “A hearing was held, the witnesses were duly sworn and testimony was taken ore tenus before the Court. The evidence relied on by the Court is:
 

 “Testimony by the probation officer and the defendant.
 

 “And the specific condition of violation of probation is as follows:
 

 “Failure to report; failure to pay supervision fees; and a new charge.”
 

 The circuit court crossed out language in its order pertaining to whether the proceedings were taken down by a court reporter, thus indicating that the probation-revocation hearing had not been transcribed by a court reporter.
 

 On June 26, 2008, Dowdle filed a “Motion to Reconsider” and on July 10, 2008, filed an “Amended Motion to Reconsider.” On August 15, 2008, the circuit court entered an order purporting to deny both motions. This Court recently recognized that no rule exists that allows post-judgment motions in probation-revocation proceedings.
 
 Wank v. State,
 
 18 So.3d 972 (Ala.Crim.App.2009). Thus, the circuit court had only 30 days from the date it entered its probation-revocation order to modify its judgment. See
 
 Wank,
 
 supra. Accordingly, the circuit court’s order dated August 15, 2008, is void. Nevertheless, Dowdle filed a timely notice of appeal on July 30, 2008.
 

 On appeal, Dowdle contends that the circuit court’s revocation of his probation should be reversed because, he says, (1) the circuit court erred when it revoked his probation without adequately stating in its invocation order the evidence upon which it relied on to revoke his probation; (2) the circuit court erred by not having the probation-revocation hearing transcribed, thereby making it impossible to determine whether the court abused its discretion in revoking his probation; and (3) the State failed to present sufficient evidence to support the revocation of his probation.
 

 In
 
 McCoo v. State,
 
 921 So.2d 450, 462 (Ala.2005), the Alabama Supreme Court relaxed the requirements of a written probation-revocation order and this court’s review of that order:
 

 “[T]he requirement of
 
 Wyatt [v. State,
 
 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States
 
 v.]
 
 Copeland,
 
 20 F.3d [412,] 414 [ (11th Cir.1994) ].”
 

 Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.”
 

 “In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some affirmative action, either by a statement recorded in
 
 *549
 
 the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’
 
 McCoo [v. State],
 
 921 So.2d [450,] 462 [ (Ala.2005) ] (emphasis added).”
 

 Ex parte Garlington,
 
 998 So.2d 458, 458-59 (Ala.2008).
 

 The circuit court’s probation-revocation order in this case lists the witnesses upon whose testimony it relied in revoking Dowdle’s probation and lists the conditions of probation Dowdle violated; however, the court’s order fails to set out the specific evidence it relied upon in reaching its decision to revoke Dowdle’s probation. Although this Court has upheld a probation-revocation order listing the witnesses upon whose testimony the court has relied in revoking probation as sufficient, we have done so only when a transcript of the probation-revocation hearing is available for this Court’s review. See
 
 Edwards v. State,
 
 26 So.3d 1263 (Ala.Crim.App.2008).
 

 The record in this case does not contain a transcript of the probation-revocation hearing. Therefore, we are unable to review the transcript to ascertain whether the requisite Rule 27.6(f) statements are presented in the record.
 
 See McCoo,
 
 supra. Further, we are unable to determine whether the State presented sufficient evidence to support the revocation of Dowdle’s probation. Because the record contains no transcript of the probation-revocation hearing and because we are unable to ascertain from the circuit court’s order the evidence the court relied on in revoking Dowdle’s probation, this court cannot fulfill its duty to review the correctness of the circuit court’s actions. Accordingly, we reverse the circuit court’s judgment and remand this case for that court to set aside the June 19, 2008, probation-revocation order and to conduct a new probation-revocation hearing that is properly recorded and transcribed for this Court’s review. The circuit court should also enter written findings in accordance with Rule 27.6(f), Ala. R.Crim. P., and
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975). In the event that Dow-dle is dissatisfied following his new probation-revocation hearing, he should file a new appeal to this Court.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.
 

 [1]
 

 . The record indicates that counsel for Dow-dle certified that no reporter’s transcript would be filed in the instant case.