Rel: December 16, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

_____

## CR-2022-0618

_____

## Tracy Alonzo Gavin

## v.

## State of Alabama

## Appeal from Mobile Circuit Court
## (CC-18-6524.70 and CC-18-1234.70)

McCOOL, Judge.

Tracy Alonzo Gavin appeals the Mobile Circuit Court's order revoking his probation.

<u>Facts and Procedural History</u>

Based on the limited record provided to this Court, it appears that, in 2019, Gavin was convicted of third-degree robbery and trafficking in a controlled substance and, after serving a period of incarceration, was released to begin serving a period of probation.

In January 2022, Gavin's probation officer filed a delinquency petition alleging that Gavin had violated the conditions of his probation by committing the new offenses of possession of drug paraphernalia, possession of marijuana, unlawful possession of prescription drugs, and unlawful possession of a controlled substance. The circuit court subsequently held a revocation hearing, and the evidence presented at that hearing tended to establish the following facts.

On January 10, 2022, Officer Stewart of the Mobile Police Department stopped a vehicle in which Gavin was a passenger.[1] Because he smelled marijuana, Officer Stewart searched the vehicle and found marijuana, a black backpack that was "at [Gavin's] feet" and that contained 21 ecstasy pills (R. 4), and scales. Officer David Reyes of the Mobile Police Department, who responded to the traffic stop, spoke with Gavin at the scene, and Gavin denied that any of those items belonged to

---

[1]The record does not include Officer Stewart's first name.

him but admitted that "his fingerprints would be on the items" and that he "would fail [a] drug test." (R. 5.) The driver also denied that any of those items belonged to him.

The circuit court did not issue a ruling at the conclusion of the hearing or make any findings of fact at that time. The next day, the circuit court issued an order that states, in pertinent part:

> "Sworn testimony was taken from Officer David Reyes with MPD Narcotic and Vice Division regarding a traffic stop on January 10, 2022. [Gavin] was a passenger in a vehicle driven by Ryshun Samuels, and the stop was made due to a switched tag. Officer Stewart, who made the traffic stop, smelled marijuana in the vehicle and conducted a search. A loaded [handgun] was found between the front seats of the vehicle. A bag was found on the floor of the passenger side containing 84 grams of marijuana, 21 ecstasy pills, and a scale. A sunglass case containing two bags, one of which had 7 grams of marijuana and one of which had 2 grams of marijuana, was also discovered under the passenger seat.
>
> "After a search, Off. Reyes arrived on the scene and questioned [Gavin]. [Gavin] stated that the marijuana did not belong to him but he would fail a drug test.
>
> "At the conclusion of the hearing, the matter was taken under submission."

(C. 15.) Later that day, the circuit court issued another order, which states, in pertinent part:

"This matter was before the court on a probation revocation request alleging [Gavin] violated the terms and conditions of probation by having an arrest for new criminal conduct.

"The court heard the sworn testimony of Officer David Reyes with Mobile Police Department and the matter was taken under submission.

"After considering the testimony, the court is reasonably satisfied that [Gavin] violated the terms and conditions of his probation by having a new arrest for possession of marijuana in the first degree, possession of a controlled substance, possession of narcotics paraphernalia, and illegal prescription drugs.

"[Gavin's] probation is fully revoked and he is to serve out the remainder of his sentence."

(C. 17.) Gavin filed a timely notice of appeal.

Discussion

Gavin's only argument on appeal is that the circuit court revoked his probation solely on the basis that he had been arrested for new offenses, which, as Gavin notes, is not a proper basis for revocation. Nelson v. State, 331 So. 3d 1194 (Ala. Crim. App. 2021). However, the State correctly argues that this claim was not preserved for appellate review.

It is well settled that

"'[t]he general rules of preservation apply in probation-revocation proceedings. Puckett v. State, 680 So. 2d 980 (Ala.

4

Crim. App. 1996). This Court has recognized three exceptions to the preservation requirement in probation-revocation proceedings: (1) that there be an adequate written or oral order of revocation, McCoo v. State, 921 So. 2d 450 (Ala. 2005); (2) that a revocation hearing actually be held; and (3) that the trial court advise the defendant of his or her right to request an attorney. Croshon v. State, 966 So. 2d 293 (Ala. Crim. App. 2007). Our Supreme Court recognized a fourth exception to the preservation requirement that allows a defendant to raise for the first time on appeal the allegation that the circuit court erred in failing to appoint counsel to represent the defendant during probation-revocation proceedings. See Ex parte Dean, 57 So. 3d 169, 174 (Ala. 2010).' "

King v. State, 294 So. 3d 257, 259 (Ala. Crim. App. 2019) (quoting Singleton v. State, 114 So. 3d 868, 870 (Ala. Crim. App. 2012)).

As evidenced by King, a claim that the circuit court revoked probation for an improper reason is not one of the exceptions to the general rules of preservation. Thus, because Gavin did not argue below that the circuit court had revoked his probation for an improper reason, he failed to preserve that claim for appellate review. See Grace v. State, 727 So. 2d 881, 883 (Ala. Crim. App. 1998) (holding that the appellant's claim that the circuit court had "revoked his probation merely because he had been arrested" was not preserved for appellate review because he had not raised the claim below).

We acknowledge, but reject, Gavin's two attempts to circumvent the preservation requirement that is fatal to his claim. First, Gavin appears to argue that he did not have an opportunity to raise this claim below because, he says, he was not "required to anticipate" the circuit court's ruling and because, he says, there is "no authority that … required [him] to … file a post-revocation motion." (Gavin's reply brief, p. 2.) In Dowdle v. State, 24 So. 3d 546, 548 (Ala. Crim. App. 2009), this Court held that there is no rule that authorizes a postjudgment motion in a revocation proceeding and that, as a result, the filing of such a motion will not extend the 30-day period in which the circuit court has jurisdiction to modify its judgment. However, that holding does not prohibit a postjudgment motion in a revocation proceeding; it merely cautions a probationer that filing such a motion will not extend the time in which the circuit court may modify its judgment and, by extension, will not extend the time for filing a notice of appeal. Thus, although Gavin was not required to file a postjudgment motion, nothing prohibited him from doing so, and, if he had, he could have challenged the circuit court's basis for revoking his probation in that motion. See Sims v. State, 214 So. 3d 386, 388 (Ala. Crim. App. 2015) (noting that the probationer had filed a

6

postjudgment motion arguing "that the circuit court's finding that he had been charged with a new offense was an insufficient basis on which to revoke his probation"); and Taylor v. State, 229 So. 3d 269 (Ala. Crim. App. 2016) (holding that the appellant had failed to preserve a claim challenging the sufficiency of the evidence in a revocation proceeding because he had not raised the claim in a postjudgment motion).

Alternatively, Gavin argues that he is actually challenging the adequacy of the revocation order, which is one of the exceptions to the preservation requirement. King, supra. However, the requirement that there be an adequate revocation order is merely a requirement that the order, or the circuit court's oral findings, clearly and unambiguously state the court's reason for revoking probation and the evidence upon which the court relied. See McCoo v. State, 921 So. 2d 450, 462 (Ala. 2005) (holding that the adequacy of a revocation order hinges on whether the order or the circuit court's oral findings "unambiguously set forth the reasons for the revocation and the evidence that supported those reasons"). Whether a circuit court's stated reason is a proper basis for revocation is a separate issue and one that must be raised in the circuit court in order to be preserved for appellate review. Grace, supra. Here,

7

the revocation order states the circuit court's reason for revoking Gavin's probation, and Gavin has clearly argued that the court's reason was not a proper basis upon which to revoke probation. Thus, we are not persuaded by Gavin's argument that he is actually challenging the adequacy of the revocation order.

## Conclusion

The only claim Gavin raises on appeal was not preserved for appellate review. Accordingly, the circuit court's revocation order is affirmed.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.